**Ann LOOMSTEIN, Plaintiff-Appellant,**

**v.**

**MERCANTILE TRUST NATIONAL ASSOCIATION, Garnishee,
Meyer Loomstein, Defendant-Respondent.**

**No. 35280.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 19, 1974.

**670**

Friedman & Fredericks, Martin M. Lipsitz, Clayton, for plaintiff-appellant.

Thompson, Mitchell, Douglas, Neill, Guerri & Elbert, Lawrence E. Young, St. Louis, for garnishee.

Echeal T. Feinstein, St. Louis, for defendant-respondent.

DOWD, Chief Judge.

This is an appeal from an order granting defendant's motion to quash an execution and garnishment on a judgment against defendant. The judgment was entered in a divorce action and contained, in part, a provision that the defendant would pay all sums necessary for his daughter's college and graduate school tuition, books, room and board. No specific sums for that education or methods to compute them were included. This provision was part of a stipulation executed by the parties and made part of the decree.

On November 6, 1972, the plaintiff ordered an execution and garnishment on this portion of the judgment in the amount of $4,965.82 which she alleged was expended for her daughter's college education. The defendant's motion to quash was granted, and plaintiff appealed.

The simple issue presented is whether the judgment may be enforced by execution and garnishment; or stated another way, is execution improper because of the lack of definiteness in the amounts required to be paid?

A judgment for money must specify with definiteness and certainty the amount for which it is rendered. Taylor v. Taylor, 367 S.W.2d 58 [7] (Mo.App.

1963). A judgment which is indefinite is void and unenforceable. *Taylor*, supra.

It is obvious that the provision for college education here is so indefinite and uncertain that it is unenforceable by execution. *Taylor*, supra, is clearly in point and mandates that the motion to quash in this case be granted. *Taylor* held that an alimony provision in a divorce decree requiring payment of 25% of the husband's net income lacked the requisite definiteness and was void and unenforceable. Just as "25% of net income" cannot be ascertained without going beyond the record, the provision here requires external proof.

■■■ The court which granted the divorce in this case exceeded its authority in that this portion of the judgment is unenforceable. Ferriss v. Ferriss, 477 S.W.2d 745, 748 (Mo.App.1972). In *Ferriss* this court held that an award of alimony based on a percentage of the husband's income was not within the court's authority because the judgment was indefinite and thereby unenforceable, citing *Taylor,* supra. There, we distinguished between a contractual obligation founded upon an agreement executed by the parties to the divorce and a divorce decree holding that the award in *Ferriss* was a contractual obligation and not, therefore, subject to modification. By the same reasoning, the provision for college expenses in this case may be a contractual obligation subject to an independent action by plaintiff. Bishop v. Bishop, 151 S.W.2d 553, 557 (Mo.App. 1941). The provision is, nevertheless, not subject to execution in that it is indefinite and uncertain.

We hold, therefore, that the trial court properly granted defendant's motion to quash the execution and garnishment. The judgment is affirmed.

SIMEONE and WEIER, JJ., concur.