Ester Oline **RODDEN,**
**Plaintiff-Appellant,**

v.

John M. **RODDEN,**
**Defendant-Respondent.**

No. 36025.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 19, 1975.

Rothman & Roth, Fred Roth, Clayton, for plaintiff-appellant.

James F. Koester, St. Louis, Shifrin, Treiman, Bamburg & Dempsey, Clayton, for defendant-respondent.

GUNN, Judge.

■ Pursuant to § 452.070 RSMo 1969,[1] plaintiff-appellant Ester Rodden has sought to modify the child support provisions of her original divorce decree. The trial court granted a $10 per week increase in child support payments and ordered defendant-respondent John Rodden to "pay all extraordinary medical expenses" incurred by the Roddens' son. Mrs. Rodden appealed the trial court's award as being insufficient and has further contended that the order concerning medical expenses is too indefinite to be enforced. We find the record of proceedings to be so indefinite, obfuscatory and ambiguous that we are unable to rule on the merits of the appeal. We therefore remand the cause to allow development of a more complete record.

■ Mrs. Rodden obtained a divorce from Mr. Rodden in 1965 and was awarded custody of their only child, a son. In the divorce decree, Mr. Rodden was ordered to pay $30 per week child support, and this appeal involves the effort by Mrs. Rodden to increase the child support provisions. In her modification pleadings Mrs. Rodden asserted that: 1) she was unemployed and unable to adequately support her son; 2) that Mr. Rodden had sufficient funds to pay more than $30 per week child support; 3) that the $30 per week child support was insufficient to support the son due to changed circumstances by reason of his increased age and growth. Modification of child support payments may be updated upon proof of a change of circumstances arising after the entry of the divorce decree and upon a showing that the other party is capable of paying an additional amount. Mrs. Rodden's pleadings thus comport with the requisite allegations. *McGinley v. McGinley*, 513 S.W.2d 471 (Mo.App.1974).

■ However, the record before us on proof of changed circumstances is opaque

1. §§ 452.010 through 452.070, 452.090, 452.-100 and 452.120 RSMo 1969 were repealed by Laws 1973, p. 470, H.B.No.315, § A, and new §§ 1 to 24, designated as 452.300 to 452.415, RSMo 1973 Supp., relating to dissolution of marriage.

and obscure, and we find particularly appropriate the following statement of the court in *State ex rel. State Highway Commission v. Hill*, 373 S.W.2d 666, l.c. 668 (Mo.App.1963):

> "It is the duty of an appellate court to exercise its jurisdiction freely so as to provide a review upon the merits in every instance where it may properly do so. . . . This, however, presupposes a record and evidence upon which a court can function 'with some degree of confidence in the reasonableness, fairness and accuracy of its final conclusion.'"

Similarly, the record on this appeal causes us to be diffident of our ability to rule upon the merits of this case with any accuracy of our conclusions. The greatest portion of the record consists of unsworn colloquies between the lawyers for the parties and the trial court with a gallimaufry of numbers and figures presented in a valiant attempt to reach a settlement of the case. Mrs. Rodden did testify as to some medical and other cost of living expenses incurred by her on her son's behalf, but there was nothing so precisely presented that aids in or points to a denouement of this cause. An affidavit of expenses was attached to the transcript on appeal but was not introduced into evidence, and we do not consider it. *State v. Morris*, 523 S.W.2d 329 (Mo.App. 1975).

■ Although the trial court awarded Mrs. Rodden a $10 per week child support increase and ordered Mr. Rodden to "pay all extraordinary medical expenses incurred by the son," we cannot discern from the record how this award was reached. While modification of child support payments may be allowed due to increased cost of living expenses and growth of the child, *McGinley v. McGinley,* supra; *Smolly v. Hoffman*, 458 S.W.2d 579 (Mo.App.1970), Mrs. Rodden's testimony was too vague, inconsistent and lacking in specificity to allow any reasonable, accurate determination of expenses.

■ However, in a proceeding to modify child support, the child's needs are of central concern, and the child is the real party in interest. *Markham v. Markham*, 506 S.W.2d 84 (Mo.App.1974); *Meyer v. Meyer*, 493 S.W.2d 42 (Mo.App.1973). And there was some indication that Mrs. Rodden does possess records of specific medical and living expenses incurred by the son. We thus find ourselves in a predicament similar to that in *In re M.P.S.*, 342 S.W.2d 277, l.c. 283 (Mo.App.1961), where it was stated:

> ". . . [W]here it is impossible to render a final judgment because the principal issue was not adequately developed below, and the record indicates that the necessary evidence may be available, a wise exercise of our discretion requires that the judgment be reversed and that the case be remanded for a new trial." [2]

We therefore hold that a new trial is required to afford Mrs. Rodden opportunity to produce evidence to demonstrate to what extent, if any, the child support provisions should be modified.

■ We also note that a judgment relating to the payment of "all extraordinary medical expenses" would be unenforceable. A judgment for money must specify with definiteness and certainty the amount for which it is rendered, and a judgment incapable of enforcement because of indefiniteness is void. *Loomstein v. Mercantile Trust National Ass'n*, 507 S.W.2d 669 (Mo.App. 1974). In *Loomstein* it was held that an order requiring the defendant to pay "all sums necessary for his daughter's college and graduate school tuition, books, room and board" was unenforceable, as there were no specific sums or methods to compute the costs. The judgment was held void because external proof would be required to ascertain the specific amounts to

---

2. See also *Oliver v. Oliver*, 325 S.W.2d 33 (Mo.App.1959); *Barnhart v. Ripka*, 297 S.W.2d 787 (Mo.App.1956).

**44**

be collected.[3] So, too, in this case, plaintiff would be required to bring in external proof of specific extraordinary medical expenses, thereby making the provision void.

Reversed and remanded.

SIMEONE, P. J., and McMILLIAN, J., concur.

---

**3.** To the same effect see *Taylor v. Taylor*, 367 S.W.2d 58 (Mo.App.1963), holding unenforceable, as being too indefinite, an alimony provision requiring payment of 25% of the husband's net income.