Noah C. ALLISON, Appellant,

v.

Viola E. ALLISON, Respondent.

No. 37016.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 24, 1976.

Dewey S. Godfrey, Jr., Cady & Godfrey, St. Louis, for appellant.

George J. Bude, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for respondent.

STEWART, Judge.

Petitioner, husband, filed this proceeding for dissolution of marriage. The trial court dissolved the marriage and entered judgment awarding respondent, wife, custody of their daughter, child support, maintenance, attorneys fees and divided the marital property. On appeal petitioner challenges the judgment only as to child support. He contends (1) that the judgment is vague, indefinite and thus unenforceable and (2) the amount is unreasonable in relation to petitioner's financial means. We affirm.

The decree as to child support is as follows:

"One thousand ($1,000.00) Dollars toward the educational costs of Deborah K. Allison, a minor, at Memphis State University, Memphis, Tennessee, incurred for the Spring Semester of school, ending May 31, 1975; thereafter, and commencing June 1, 1975, the sum of $30.00 per week for the support of the said minor child until her emancipation under the laws of this State."

Undeniably a money judgment must specify with definiteness and certainty the amount for which it is rendered; it must be so in order to be responsive to the enforcement provided by law. *Loomstein*

*v. Mercantile Trust National Association,* 507 S.W.2d 669 (Mo.App.1974), and *Taylor v. Taylor,* 367 S.W.2d 58 (Mo.App.1963). The trial court, however, has great flexibility in fashioning judgments to accommodate the needs of the parties as the court did in this case.

The order for child support in this case is definite and certain. $1,000.00 was to be paid forthwith to defray the cost of the child's educational expenses for the 1975 Spring semester. Commencing June 1, 1975, petitioner's child support obligation will be $30.00 per week until her legal emancipation.

*Taylor* and *Loomstein* are clearly inapposite to the judgment in this case. In *Taylor* the alimony provision was for 25% of the husband's net income. In *Loomstein* the trial court ordered the husband to pay all sums necessary for his daughter's college and graduate school tuition, books, room and board. Both cases stressed that the amount due required external proof. In this case the amount petitioner owes can be readily determined from the decree and can be enforced under the regular processes of the courts.

Petitioner's contention that the award for child support is unreasonable is based on a misreading of the decree. Petitioner interprets the order as requiring a payment of $1,000.00 per semester, plus payment of $30.00 per week, for an annual total of $3,560.00. However, as noted above, after petitioner pays the one-time $1,000.00 educational assessment, his child support obligation will be $30.00 per week, or $1,560.00 per year.

The primary obligation for child support is still that of the father and the financial resources and needs of the noncustodial parent is one relevant factor in determining the amount of child support. § 452.340(6) RSMo. Petitioner, a skilled construction worker, assumes that he will be employed 75% of the work year, and on this assumption he projects an annual income of about $14,500.00 and expenses for the immediate future. Petitioner concludes he will not be able to afford the child support payments, which he mistakenly believes will amount to $3,560.00 per year.

As part of this general contention petitioner argues the court erred in considering the cost of his daughter's attendance at a private, out-of-state school— Memphis State University. He suggests his daughter could obtain the same quality of education within the St. Louis area at a much smaller cost to himself. The daughter testified shè was attending Memphis State at the time of the hearing because that is where she wanted to go for studies in special education.

In *Jenks v. Jenks,* 385 S.W.2d 370[12–13] (Mo.App.1964), this court said a child should be afforded an education reasonably adopted to her capacity and aptitude at an accredited institution of the general class to which other children of her background and means have access. The daughter in her first semester at the school received all B's and A's; there is no question of her capacity to master the curriculum.

We have examined the record in this case and we believe the trial court properly took into account the petitioner's income and expenses, the occasional layoffs endemic to his occupation and the needs of the minor for support and education.

The court did not abuse its discretion in making the award. *Larison v. Larison,* 524 S.W.2d 159 (Mo.App.1975). A detailed analysis of the expenses of petitioner and the needs of the child would have no precedential value.

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.