Elizabeth D. BROLINSON, Appellant,

v.

Per Y. BROLINSON, Jan Thomas
Brolinson, and Brolinson &
Associates, Respondents.

No. 39495.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 14, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 1978.

McIlroy & Millan, Bowling Green, for appellant.

James G. Rittenbaum, Louisiana, for respondents.

McMILLIAN, Judge.

Appellant Elizabeth D. Brolinson appeals from a judgment of the Circuit Court of Pike County, Missouri, dismissing her petition to set aside allegedly fraudulent conveyances made by her former husband, respondent Dr. Per Y. Brolinson. Appellant's petition alleged that the transfers made by respondent to his co-respondent, his present wife and Brolinson & Associates, Inc., a corporation, were fraudulent and void, § 428.020 RSMo 1969. For reversal appellant urges that the trial court erred by (1) failing to make findings of fact and conclusions of law, pursuant to Rule 73.01(1)(b), V.A.M.R. and (2) dismissing appellant's petition for failure to state a claim.

After dissolving the marriage between appellant and respondent, the circuit court of Pike County, as a part of its decree, included a provision for child support. This suspect part of the decree ordered respondent to pay appellant $325.00 per month per child, subject to certain provisions as "set forth in the Stipulation and Agreement relative to these payments as the children are in college and become emancipated." Appellant's petition, affidavit and the execution issued upon said affidavit each made reference to the $975.00 per month child support award (there are three children) "which was later reduced down under the Agreement entered into between the parties to the sum of $800.00 per month." In her petition, appellant alleged respondent owed $11,525.00 as of April 1, 1977.

■ We find no merit in appellant's first claim of error. Rule 73.01(1)(b), V.A.M.R., requires a party to request findings of fact and conclusions of law before final submission of the case. In *McIntosh v. White*, 447 S.W.2d 75, 77 (Mo.App.1969), the court declared that the submission is final when the evidence and arguments are finished and the court takes the case, whether for immediate decision or under advisement for a future decision. Here appellant made her request after the court sustained respondent's motions to dismiss. Consequently, appellant's request was untimely and the trial court ruled properly.

In view of our final decision, it is unnecessary to discuss but one of the sundry allegations in appellant's petition; that is, the one pertaining to her monetary judgment for child support ordered by the circuit court. The decree entered by the circuit court provided that, " . . . the Defendant (respondent) is ordered to pay to the Plaintiff (appellant) the sum of Three Hundred Twenty-five Dollars ($325.00) per month per child as and for child support, subject to certain provisions as set forth in the Stipulation and Agreement relative to these payments as the children are in college and become emancipated." We note also that although the dissolution decree made reference to a Stipulation and Agreement, it made no mention that the property settlement agreement was to be incorporated therein. In fact, the Stipulation and Agreement was not incorporated into the decree.

■ In *Rodden v. Rodden*, 527 S.W.2d 41, 43 (Mo.App.1975), this court held language in a judgment ordering a party to pay "all extraordinary medical expenses" to be unenforceable. We cited with approval from *Loomstein v. Mercantile Trust Nat. Ass'n*, 507 S.W.2d 669, 670 (Mo.App.1974), which held that an order requiring the defendant to pay "all sums necessary for his daughter's college and graduate" expenses was unenforceable. The rationale behind these cases is that a judgment must be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. It must be in such form that the clerk may issue an execution upon which an officer is able to execute, *Bishop v. Bishop*, 151 S.W.2d 553, 557 (Mo.App.1941), without requiring external proof and another hearing. If a judgment does not satisfy this requirement of certainty, it is null, void and unenforceable, *e. g., Sunderwirth v. Williams*, 553 S.W.2d 889 (Mo.App.1977).

■ In this case the judgment awarding the $325.00 per month per child for child support was subject to an unknown Stipulation and Agreement relative to some undetermined college expenses and future emancipation. The specific amount due under this judgment is uncertain and requires external proof and another hearing. Therefore, the judgment is void and unenforceable and appellant is *not* a valid judgment creditor within § 428.020 RSMo 1969. *Compare Biondo v. Biondo*, 179 S.W.2d 734 (Mo. 1944) (wife with judgment for alimony, child support and attorney's fees held a creditor within statute against fraudulent conveyances). In general, only judgment creditors or those who have a legal or equitable lien on the property or who have commenced attachment suits against the property can maintain an action to set aside a fraudulent conveyance, *e. g., Jones v. Davis*, 306 S.W.2d 479, 480 (Mo.1957). Thus, the trial court was correct in its determination that appellant did not state a claim under § 428.020, RSMo 1969.

■ We cannot, however, agree with the trial court's dismissal of appellant's petition and, for the reasons discussed below, reverse and remand the cause to the trial court with directions to allow appellant leave to amend her petition, should she be so advised. "Under modern pleading principles, a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his (or her) claim which would entitle it to relief." *Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625, 630 (Mo.App.1975); Rule 55.05, V.A.M.R. Furthermore, on appeal, "[i]n our review of a dismissal of a petition for failure to state a claim, we are required to construe the petition favorably and to give the pleader the benefit of every reasonable and fair intendment in view of the facts alleged, and if the pleader's allegations invoke principles of substantive law which may entitle it to relief, the petition is not to be dismissed." *Watson v. Franklin Finance*, 540 S.W.2d 186, 188 (Mo.App.1976). If the facts pleaded and the reasonable inferences to be drawn therefrom looked at most favorably from the plaintiff's perspective show any ground upon which relief may be granted, the plaintiff has the right to proceed, *e. g., State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141, 145 (Mo.App.1974).

■ We believe that appellant's petition does allege facts and circumstances which invoke substantive principles of law which if proved may entitle her to relief. Appellant's petition alleges that respondent was married to appellant and is the father of their three children, owes appellant money for child support, the specific amount of which obligation is uncertain for the reasons discussed above, and that respondent has made fraudulent conveyances to avoid paying child support, see *e. g., Johnson v. Fotie*, 308 S.W.2d 662, 666 (Mo.1958).

Accordingly, the court's action in dismissing plaintiff's petition is affirmed but the cause is remanded to permit plaintiff to amend if she so desires.

CLEMENS, P. J., and SMITH, J., concur.