In re the MARRIAGE of Stephen Paul WOFFORD and Jennifer Lynn Wofford,

Stephen Paul Wofford, Petitioner-Appellant

and

Jennifer Lynn Wofford, Respondent.

No. 11092.

Missouri Court of Appeals, Southern District, En Banc.

Oct. 5, 1979.

Albert A. Crump, Jr., Williams & Small-wood, Rolla, for petitioner-appellant.

Ronald J. Fuller, Rolla, for respondent.

PREWITT, Judge.

Appellant appeals from a judgment dissolving the marriage of the parties, dividing their property, granting maintenance to respondent, and providing for custody of their children. The portions of the judgment complained of are a finding that neither party is able to care for the two minor children of the parties and placing them in the custody of the Phelps County Department of the Missouri Division of Family Services; granting respondent $100 per month maintenance "for such period of time as she is unable to support herself"; and approving in part and disapproving in part a written property settlement agreement.

Two children were born to the parties; a boy, born December 3, 1971, and a girl, born February 5, 1973. The parties separated in October of 1977. There was evidence that, at the time of the separation, appellant told respondent he wanted his freedom and told her to go to her mother's or wherever she wanted; just to get out of his life. She and the children went to Indiana to live with her mother. Her mother's home consisted of three small bedrooms, one bathroom, a dining room, living room, kitchen, and basement. Respondent and her two children made a total of eight persons living in the house. She had no money and could not obtain an apartment for herself and her children. Appellant would not send her money, so she asked him to have his parents take care of the children until she could get situated. Appellant went to Indiana and brought the children back to Phelps County. Appellant had custody of the children at the time of the hearing. Previous to the trial, the parties signed a written separation agreement. Among other provisions, it provided that the children of the parties would be in the custody of appellant. No maintenance was provided in the agreement. At the time of trial both parties sought custody of the children. This was the only contested issue before the trial court.

Of primary importance is the custody of the children, and we shall consider that first. Appellant contends that the evidence was insufficient to support the trial court's placing the children with the Division of Family Services. Respondent here argues that the trial court's action was proper.

█ A court can transfer the custody of children to third persons if the welfare of the child requires it. *State v. Weinstein*, 413 S.W.2d 178, 181 (Mo. banc 1967); *Stockton v. Guthary*, 415 S.W.2d 308, 312 (Mo. App.1967). However, there should be spe-

cial circumstances and extraordinary reasons to refuse to give custody to either parent and to award it to a third person. *State v. Weinstein*, supra, 413 S.W.2d at 181; *Neustaedter v. Neustaedter*, 305 S.W.2d 40, 43 (Mo.App.1957). A child should be placed with a third person where both parents are unfit, incompetent, or unable to care for the child, or the welfare of the child manifestly calls for such placement. *Downing v. Downing*, 537 S.W.2d 840, 843 (Mo.App.1976). Where the courts are faced with a choice between the natural parent and a third person, they have usually been unwilling to disregard the traditional belief that it is in the best interests of a young child to be placed in the custody of a natural parent, unless that natural parent is wholly unsuitable. *Ex Parte McCarter*, 434 S.W.2d 14, 17 (Mo.App.1968). In our review we should defer to the finding of the trial judge unless we are firmly convinced that the welfare of the child requires some other disposition. *Stockton v. Guthary*, supra, 415 S.W.2d at 313.

▮ The trial judge found "that at this time neither party is able to care for their minor children and said children are made wards of the court and . . . placed in the Phelps County Department of the Missouri Division of Family Services until further order of this court." A minor child should not be placed in the custody of a third person except as a necessary expedient, usually temporarily, until one of the parents becomes physically and economically capable of having custody, and permanent placement with a third person is done only when both parents are unfit to have custody. *Yount v. Yount*, 366 S.W.2d 744, 749 (Mo.App.1963); *Wilson v. Wilson*, 260 S.W.2d 770, 779 (Mo.App.1953). The evidence and the court's order causes us to believe that this custody was a temporary measure and not intended to be a permanent grant of custody, if there can actually be permanent custody in a dissolution proceeding. The evidence did not justify permanent custody to the Division, but may have justified temporary custody.

▮ The evidence indicated that either party when situated could take care of the children. The judge believed that respondent should not have moved to Indiana and taken the children with her to live with her mother in a crowded situation. She did not have regular employment nor receive funds from appellant during this period. The evidence indicated that with a job and child support she might make other living arrangements. The fact that she did not choose to remain in Missouri should not be a reason by itself to deny her custody. While that would make it more difficult for visitations by the appellant, it is still proper to allow the children to be removed from this jurisdiction where it is in the best interests of the child. *Hart v. Hart*, 539 S.W.2d 679, 682 (Mo.App.1976); *Richards v. Hayes*, 320 S.W.2d 65, 70–71 (Mo.App.1959).

At the time of the trial, appellant had custody of the children. During work hours his mother, who lives nearby, took care of them. There was no evidence that they had not been properly cared for by appellant or his mother. Appellant had made arrangements for a babysitter or his mother to care for the children while he was working. The appellant's difficulty, as apparently found by the trial court, with custody, is his moving to different jobs, sometimes where he has to stay all night. He works as a roofer. Respondent testified that he had totally left the care of the children to her while they lived together and more than once had beaten the girl severely for wetting her pants. Appellant, respondent, and appellant's parents all testified. We recognize, of course, that the trial judge had an opportunity to observe these witnesses and we give his ruling much deference. Certainly, child custody cases are the most difficult to determine at every level of the judicial process, but probably even more difficult in the trial court; for it is there that the initial decision is made.

▮ The care and affection which a parent normally exhibits for a child is not to be taken lightly. There is no evidence in the transcript that either party was morally unfit or any indication that either had any-

thing but love and affection for the children. By giving deference to the trial court, we believe there was sufficient evidence to place the children with the Division of Family Services temporarily, until one or the other parent could make satisfactory arrangements for caring for the children. Considerable time has passed since the trial, and we do not know what the present circumstances may be. We believe it would be in the best interests of the children to remand the case for further evidence, to determine who should have custody as it may be shown at that time. See *V. M. v. L. M.*, 526 S.W.2d 947, 950–951 (Mo.App.1975). The parties have now had time to make suitable arrangements which might be acceptable to the court, if they in fact want custody, and have the love and affection for the children that they claim.

Nothing we have said here is to be taken as requiring or preferring custody in either parent or to affect the authority of the court, upon a proper showing, to deny custody to either party and to place the children with others. Hopefully, the circumstances upon further hearing will not justify separating the children from their parents. Viewing the trial court's order as a temporary measure, we remand for further proceeding regarding custody as may be now shown.

■ We now consider the question of maintenance. The court awarded maintenance to respondent of $100 per month, "for such period of time as she is unable to support herself." The quoted language makes this order unenforceable. A judgment must be in such form that execution may issue without requiring external proof and another hearing. *Brolinson v. Brolinson*, 564 S.W.2d 911, 913 (Mo.App.1978); *Sunderwirth v. Williams*, 553 S.W.2d 889, 894 (Mo.App.1977). The circuit clerk would not know when to issue an execution or for what amount. The standard employed, by which she receives the monthly award, might never terminate the award or might terminate it the day after the judgment. A hearing would be required to make that determination.

Respondent, in her pleading, did not ask for maintenance. Section 452.335.1, RSMo 1978 allows the court to grant maintenance if it finds "that the spouse seeking maintenance" meets certain criteria. Nothing in the record indicates that she sought maintenance. It does not appear that she offered any evidence for the purpose of seeking maintenance. The evidence as to her financial condition related to child custody. She apparently gave that information as justification for asking appellant's parents to care for the children and to show that with funds she could care for them.

■ However, the maintenance award must be reversed because of its indefinite nature. We believe the court should reconsider the maintenance grant in light of the conditions as they may then appear, including the custody of the children. On a retrial, respondent may apply to the court for permission to amend and ask for maintenance. While there may have been sufficient evidence to support the trial court's finding, there was not more than a bare minimum of evidence relating to the financial standings and needs of the parties. If maintenance is granted, it should not be conditioned on future happenings, unless the evidence shows that the circumstances of the parties would likely change in the future and then a definite termination time should be set forth in the judgment. *C. B. H. v. R. N. H.*, 571 S.W.2d 449, 455 (Mo.App.1978); *In re Marriage of Powers*, 527 S.W.2d 949, 955–956 (Mo.App. 1975). Maintenance awards of limited duration should not be based on speculation as to the future conditions of the parties, but the duration may be limited where there is evidence of impending change in the financial conditions of the parties. *In re Marriage of Powers*, supra, 527 S.W.2d at 956.

■ Appellant's remaining point is his complaint of the trial court's failure to approve all of the separation agreement. The trial judge found that the separation agreement should be approved as to paragraphs 4, 6, and 7, and disapproved as to the remainder. Paragraphs 4, 6, and 7 divided the property of the parties. The appellant

received the property he asked for in the agreement. He had it prepared, presented to respondent, and introduced into evidence. It apparently covers all of the property of the parties. Appellant does not state what else he expected to receive. Custody of the children was not binding on the court, so he cannot complain of those provisions. Portions of a separation agreement regarding children are only advisory. § 452.325.2, RSMo 1978; *Goodman v. Goodman*, 576 S.W.2d 747, 751 (Mo.App.1979). Appellant is correct that who should pay the debts of the parties was not determined. The court did not approve paragraph 5, which required appellant to pay and to hold respondent harmless from any debt secured by a lien upon property which he received. No reference to debts was made in the judgment. There was no evidence as to what, if any, debts there are. Respondent does not complain of the court's action, although paragraph 5 would seem to be exclusively for her benefit. We should not reverse the trial court unless we find that error was committed against the appellant "materially affecting the merits of the action". 84.-13(b) V.A.M.R. The record and briefs do not disclose if the provision regarding debts materially affected appellant or how the court's action was prejudicial to him. We cannot make this determination on conjecture. *Farrar v. Moore*, 416 S.W.2d 711, 715 (Mo.App.1967). The trial court's findings regarding the division of property are affirmed.

The judgment is affirmed as it pertains to the disposition of the property of the parties, reversed as to the monthly maintenance award, and remanded for further proceedings regarding maintenance and child custody as hereinabove set forth.

All concur.