Leigh S. **MEYER**, Respondent,

v.

Boyce Welles **MEYER**, Appellant.

No. 40879.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 1, 1980.

John K. Greider, George F. Smith, St. Louis, for appellant.

Mark E. Goodman, St. Louis, for respondent.

DOWD, Presiding Judge.

Appellant husband appeals from a judgment by the Circuit Court of St. Louis County denying his Motion to Quash Garnishment.

The marriage of Boyce and Leigh Meyer was dissolved in May, 1976. The stipulation approved by the court and made a part of the decree of dissolution provided, inter alia, that Mr. Meyer would pay "all medical and dental expenses . . . [and] . . . all necessary costs of schools . . . including tuition, books and [incidental] expenses" for the minor children. As there is no evidence to the contrary we assume that he made such payments from the time of dissolution until some time before April, 1978 when Mrs. Meyer instituted proceedings to collect reimbursement from the appellant for money spent on educational and travel expenses. Pursuant to these proceedings, the Circuit Court issued an order of garnishment against St. Louis County Bank as garnishee of Mr. Meyer in the amount of $1,610. Mr. Meyer then filed a Motion to Quash Garnishment which was denied.

Appellant's sole point on appeal from this denial is that the trial court erred in denying his Motion to Quash the Execution and Garnishment because the language in the judgment of dissolution is so indefinite and uncertain that it is unenforceable by execution.

This court in *Loomstein v. Mercantile Trust Nat'l Assoc.*, 507 S.W.2d 669 (Mo. App. 1974) held that a judgment requiring the husband to pay "all sums necessary for his daughter's college and graduate school tuition, books, room and board" was unenforceable by execution as an indefinite judgment. *Id.* at 670-71. A money judgment must specify with certainty the amount for which it is rendered or if the amount is not stated it must be ascertainable from the record to be enforceable by execution. *Id.* at 671; *See, Brolinson v. Brolinson*, 564 S.W.2d 911, 913 (Mo.App. 1978).

The judgment rendered by the trial court states no specific sums for medical, dental, or educational expenses nor does it state any method by which these amounts may be calculated. Thus, the judgment is indefinite and unenforceable by execution.

We find, therefore, that the trial court erred in denying the Motion to Quash the Execution and Garnishment and we reverse the judgment.

CRIST and REINHARD, JJ., concur.