Jean **PETTIGREW**,
Petitioner-Respondent,

v.

Donald R. **PETTIGREW**, Appellant.

No. 11960.

Missouri Court of Appeals,
Southern District,
Division One.

July 13, 1981.

Jean Pettigrew, pro se.

John S. Pratt, James R. Fossard, Springfield, for appellant.

TITUS, Judge.

After trial of the parties' motion and counter motion to modify a 1972 divorce decree as it pertained to the custody and support of the couple's 16 or 17-year-old son, the court nisi entered its decree requiring the father to pay child support to the mother in the sum of $200 per month for the months of June to August and $250 per month for the months of September to May. The decree continued: "in the event that the child should lose his employment, child support shall be increased to $350.00 per month during all months of the year provided the son remains in school as a full-time student either in high school; . . ." [1]

A judgment or decree for child support must be sufficiently certain in its terms to be capable of enforcement by execution in the manner provided by law. The decree must be in such form that the clerk may issue an execution upon which an officer is able to execute without requiring external proof and another hearing. If a judgment or decree does not satisfy this requirement of certainty, it is null, void and unenforceable. *Meyer v. Meyer*, 599 S.W.2d 6, 7[1, 2] (Mo.App.1980); *Brolinson v. Brolinson*, 564 S.W.2d 911, 913[2] (Mo.App. 1978); *Sunderwirth v. Williams*, 553 S.W.2d 889, 894[5, 6] (Mo.App.1977); *Rodden v. Rodden*, 527 S.W.2d 41, 43–44[6–8] (Mo.App. 1975); *Loomstein v. Mercantile Trust National Ass'n*, 507 S.W.2d 669, 670–671[1–3] (Mo.App.1974); *Bishop v. Bishop*, 151 S.W.2d 553, 557[9, 10] (Mo.App.1941).

As seen, the decree herein would increase child support payments if the child lost his employment provided he remained a full-time school student. Without resorting to external proof at other hearings, it would be impossible, at any given time, for the court or the clerk to know whether the child had lost his employment or was maintaining the status of a full-time student. Also, would loss of present employment qualify for an increase in child support payments indefinitely or would other employment subsequently acquired serve to revert such payments to the previous levels? If the child support payments were intended to continue while the boy was in college, the decree could purport to extend the husband's duty beyond emancipation. The decree herein does not satisfy the requirements of certainty and, consequently, is null, void and unenforceable.

For the reasons noted, the judgment is reversed and the cause is remanded. After further hearing and consideration, the trial court may then enter a proper decree upon all the claims of the parties in accordance

---

1. From the preliminary findings, it appears the words "or college" were omitted from the formal portion of the decree.

with the facts existing at the time of the new hearing.

GREENE, P. J., and FLANIGAN, J., concur.