Charles O. LUNA and Judith Luna, his wife, Plaintiffs-Respondents,

v.

Lawrence E. GRISHAM and Frances M. Grisham, his wife, Defendants-Appellants.

No. 12061.

Missouri Court of Appeals, Southern District, Division One.

Aug. 6, 1981.

**428**

Ivella McWhorter Elsey, Robert M. Sweere, Springfield, for defendants-appellants.

Peter H. Rea, Branson, for plaintiffs-respondents.

PER CURIAM.

This appeal must be dismissed for the reason that the "decree" appealed from is not a "final judgment" within the meaning of Sec. 512.020[1] and this court lacks jurisdiction.

"The right of appeal is purely statutory. [Sec. 512.020] governs who may appeal a case from the trial court and when. Insofar as pertinent here, it provides that any aggrieved party may appeal 'from any final judgment in the case.' In deciding what constitutes a final judgment, our courts have stated repeatedly 'that, since an appeal must be from a final judgment (with specified exceptions), the trial court must have disposed of all issues and all parties.' This requirement that all issues and all parties have been disposed of is for the purpose of avoiding piecemeal presentation of cases on appeal, except where specifically so authorized." (Authorities omitted.) *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886, 889 (Mo. banc 1977).[2]

Other principles also demonstrate imperfections in the instant "decree." "A conditional judgment or decree is one whose enforcement is dependent on the performance of future acts by a litigant and is to be annulled if default occurs. An alternative judgment or decree is for one thing or another but does not declare in a definitive matter which alternative will ultimately prevail. Conditional and alternative judgments and decrees are wholly void as they do not perform in praesenti and leave to speculation and conjecture what their final effect may be." *Wallace v. Hankins*, 541 S.W.2d 82, 84 (Mo.App.1976). Moreover, a judgment which is indefinite is void and unenforceable. *Rodden v. Rodden*, 527 S.W.2d 41 (Mo.App.1975); *Loomstein v. Mercantile Trust Nat. Ass'n*, 507 S.W.2d 669 (Mo.App.1974). A judgment must be in such form that execution may issue without requiring external proof and another hearing. *In re Marriage of Wofford*, 589 S.W.2d 323, 327[10] (Mo.App.1979).

In 1978 appellants Lawrence Grisham and his wife Frances, as sellers, and respondents Charles Luna and his wife Judith, as buyers, entered into a "contract for deed" concerning real estate in Taney County. The purchase price was $171,250. After the buyers made a down payment, the balance of $124,000 was to be paid in monthly installments of $1,176.18, a portion of each payment being devoted to interest on the unpaid balance.

When the contract was signed the land was subject to the lien of a deed of trust held by a bank in Branson. Monthly payments on the bank loan amounted to $2,134.17 with a "balloon payment" of $75,-000 due in July 1981. The contract for deed contained this provision: "[Sellers] agree to keep the balance of said mortgage current and less than the balance on the present indebtedness. Each payment shall be paid by [buyers] to the bank of Gainesville,

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

2. See "Problems of Finality of Judgments for Purposes of Appeal in Missouri." 44 Mo.Law Rev. 727 (1979)

Gainesville, Missouri, and said escrowee is instructed to deduct the amount of each payment to [the Branson bank], then pay said bank with the balance being paid to sellers as per their instructions."

Until March 1980 the $2,134.17 monthly payments on the note of the Branson bank were made by the buyers paying $1,176.18 and the sellers paying $957.99. In March 1980 the amount owed to the Branson bank was $7,189 less than the balance owed by the buyers to the sellers under the contract for deed. At that time the sellers quit making the $957.99 monthly payments to the bank and the buyers proceeded to make those payments as well as the $1,176.18 payments.

In April 1980 the buyers filed a six-count petition against sellers. Count I, the contents of which were incorporated in all subsequent counts, contained 26 paragraphs. Count I sounded in fraud and alleged that the sellers had misrepresented to buyers the terms of the note held by the Branson bank. In Count I the buyers sought $150,000 in actual damages and $150,000 in punitive damages. Count II contained a general prayer for a declaratory judgment. Count III sought $72,000 in "special damages." Count IV sought damages in the sum of $150,000. Count V requested an injunction and a temporary restraining order. Count VI perhaps sought some type of declaratory relief.

■ Sitting without a jury the trial court heard evidence from both sides and on October 30, 1980, entered a "decree," 11 pages long. This document, portions of which are strikingly similar to the verbose petition, contains many recitals. It does not dispose of the issues on all six counts.

The court did find in favor of the defendants and against the plaintiffs on Count I.

The "decree" with respect to Count II, however, reads: "In regard to Count II the court enters judgment in favor of plaintiffs and against the defendants and enters its orders as herein set forth declaring the rights, privileges, duties and responsibilities of the parties aforesaid." This provision is meaningless and ineffective.

With regard to Counts III and IV the "decree" purports to award damages of $6,705.93 "together with $1,000 special damages." The "decree" does not identify the count on which either award is made.

With respect to Count V the "decree" purported to grant relief to the buyers and required the sellers to do certain acts. That portion reads: "Defendants are ordered now to faithfully and in a timely way make all necessary payments each month hereafter, as called for on the first deed of trust and note at [the Branson bank], so as to keep that first deed of trust current at all times, and the defendants are ordered further to make those arrangements at such times as it is necessary to do so to provide and so as to continue to maintain for the plaintiffs the privilege to pay in a consistent and continuous payoff of $1,176.18 at 9.75 percent interest over the life of this contract without interference or business interruption to the plaintiffs." This "order" fails to comply with Rule 92.02(d) reading, in part, as follows: "Every order granting injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms, shall describe in reasonable detail, and not by reference to the petition or other document, the act or acts sought to be restrained. . . . "

The "decree" with respect to Count V also purported to grant the buyers a judgment in the amount of $50,000, "said judgment stayed, however, and execution stayed on said judgment, on the following [enumerated] conditions." This portion of the judgment violates the principles set forth in the third paragraph of this opinion.

The "decree" made no disposition of Count VI.

This court expresses no opinion on the action's merits or any other aspect, including the possible application of the doctrine of election of remedies.

Appeal dismissed.

All concur.