**Bonnie S. SCHULZ,
Petitioner-Respondent,**

**v.**

**Walter L. SCHULZ,
Respondent-Appellant.**

**Nos. 12167, 12168.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 4, 1982.

Stephen L. Shepard, Shepard & Bratvold, Springfield, for petitioner-respondent.

Fred Charles Moon, Moon & Moon, Springfield, for respondent-appellant.

GREENE, Presiding Judge.

This case involves consolidated appeals from the trial court's order overruling respondent's *motion to quash an execution and garnishment* (Case No. 12167) and from a summary judgment entered against respondent in his tort action for unlawful execution (Case No. 12168). The unlawful execution allegedly occurred by reason of the garnishment issued in Case No. 12167. We affirm.

On March 29, 1978, the marriage of the parties was dissolved by the circuit court of

Greene County. A "Separation and Property Settlement Agreement" (agreement) entered into by the parties, was expressly incorporated into and made a part of the decree. The incorporated agreement, found to be conscionable by the court, provided for maintenance to petitioner in "the sum of Eight Hundred Dollars ... each month, or Two Hundred Dollars ... each week, beginning on the 1st day of April, 1978." The agreement divided the marital property, primarily to the benefit of petitioner, and required respondent to pay 12 marital debts of the parties, totalling $10,801.61, which debts were individually listed in the agreement. Seven of the debts were scheduled for payment in monthly installments of specified amounts, with the respondent-husband agreeing to pay to petitioner-wife "the amount designated as monthly payment each and every month beginning the 1st day of April, 1978, until said amount designated as balance is discharged and paid off and said wife agrees to make the monthly payment to the respective creditor."

Presumably, respondent was to immediately pay the other five debts, not listed in the installment payment schedule, directly to the named creditors. The debt payment schedule concluded with an agreement that "any and all federal and state income tax refunds" due the parties would be applied to payment of the debts. A federal tax refund for the year 1977 in the amount of $3,017.42 was received by petitioner. Although she did not apply it in its entirety to the debts, she did give respondent full credit and allowance for it in the execution and garnishment proceeding that followed.

Respondent became delinquent in his payment of maintenance and payment on the debts. On October 20, 1980, a writ of execution and garnishment was issued by the circuit clerk of Greene County, directed to respondent and his employer, Roadway Express, Inc. The writ stated it was for the amount of $7,675.19, plus $10 court costs, allegedly due from respondent to petitioner for "due & unpaid maintenance & payment of outstanding indebtedness." If respondent had fully performed his obligations under the agreement, all of the debts payable by installment would have been paid by the time of the execution.

Following the issuance of the writ, respondent filed a motion to quash it, and also filed what was designated as a motion to modify. Count III of this pleading was a tort action against petitioner, alleging that the execution and garnishment in question were unlawfully issued, to the damage of respondent, for which actual and punitive damages were prayed.

At the hearing on the motion to quash, evidence was introduced showing that respondent had paid nothing on ten of the twelve debts. As a result, $8,792.61, less credit of $3,017.42, for the tax refund received by the wife, or a total of $5,775.19 was chargeable as a debt obligation due. petitioner from respondent. There was also evidence that respondent was $1,900 in arrears in his maintenance payments. This amount, when added to the debt obligation, amounts to $7,675.19, which is the amount, plus $10 court costs, for which garnishment was requested.

After the hearing, the trial court overruled the motion to quash execution. The ruling is an appealable order. *Nelson v. Nelson*, 516 S.W.2d 574, 577 (Mo.App.1974). The trial court then entered summary judgment for petitioner on respondent's tort action and designated such judgment as a final appealable order for the purpose of appellate review.

On appeal, respondent first contends that the trial court erred by "erroneously applying the law to the facts finding that the amount alleged in the petitioner's order for execution and garnishment as '... payment of outstanding indebtedness' had been reduced to a money judgment, which was definite, certain and unambiguous, and sufficiently certain in its terms to be susceptible to enforcement and in such form that the clerk of the court would be able to issue execution without an evidentiary hearing and external proof." We take this to mean that respondent is claiming that the provisions of the property settlement agreement,

in which respondent agreed to pay certain marital debts, did not amount to a money judgment which was definite, certain, and unambiguous in amount, so that the clerk could issue execution upon it without resorting to external proof, or an additional hearing to ascertain the facts, and for that reason, the trial court should have quashed the execution.

■ We do not agree with this contention. The terms of the property settlement agreement in question, requiring respondent to pay the marital debts, and to pay maintenance, were found by the trial court to be conscionable, and were ordered to be incorporated into the decree. As such, those terms became a part of the decree, and were enforceable by all remedies available for enforcement of a judgment. § 452.325(5)[1]. The only remaining question on this point is whether the terms of the property settlement agreement, incorporated into the decree, relating to payment of maintenance and marital debts, were sufficiently certain so as to be susceptible to enforcement through execution and garnishment, which is the test to be applied in circumstances such as we have here. In the case where a purported judgment has been held to be deficient for the purposes of execution, the *existence* or *amount* of the obligation has been dependent on some unsettled future contingency.[2] Such is not the case here. The judgment in question here (provisions of the agreement incorporated in the decree referring to payment of maintenance and marital debts) was definite and certain in amount, because it was subject to precise calculation from the

amounts expressly recited as due and owing for maintenance and debt payments, and subject to partial satisfaction from a particular source of funds (the income tax refund).

When respondent became delinquent in the payment of the obligations he had agreed to pay, petitioner was entitled to seek execution and garnishment to enforce payment. The clerk of the court had a duty to issue execution in the requested amount, since it did not appear on the court's records that the requested amount was in excess of the amount due petitioner by respondent at the time of the execution. It was not required that respondent's application for execution show the precise calculation of the amount due her, the installments that were in the arrears, or the payments that had been made on the judgment. Resolution of such matters can, and should, be accomplished by presentation of proof to the trial court, in aid of a motion to quash execution filed by the party who feels aggrieved by the execution. *Pflanz v. Pflanz*, 177 S.W.2d 631, 635 (Mo.App.1944). That procedure was followed here. The evidence adduced at the hearing conclusively showed that the amount claimed by petitioner was owed to her by respondent, by virtue of a definite and certain judgment, and that she had given him full credit for all payments made, plus full credit for the income tax refund. The point is denied.

■ Respondent next contends that the trial court erred in overruling the motion to quash execution "because said order was against the weight of the evidence." Such

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. *In re Marriage of Wofford*, 589 S.W.2d 323, 327[10] (Mo.App.1979), maintenance of $100 per month to the wife " 'for such period of time as she is unable to support herself' "; *Brolinson v. Brolinson*, 564 S.W.2d 911, 913[2] (Mo.App. 1978), amount of child support was dependent on an unincorporated agreement apparently relating to undetermined college expenses; *Meyer v. Meyer*, 599 S.W.2d 6, 7[1] (Mo.App.1980), duty to pay " 'all medical and dental expenses

... [and] ... all necessary costs of schools' "; *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270 (Mo.App.1979), judgment of $10,000 for wife contingent on a failure of husband to cause title to realty to be conveyed to wife; *Rodden v. Rodden*, 527 S.W.2d 41 (Mo.App.1975), duty to pay "all extraordinary medical expenses"; *Sunderwirth v. Williams*, 553 S.W.2d 889 (Mo. App.1977), fixed monthly sum of child support but payable only for months a child "may be now or in the future may attend any accredited college"; *Loomstein v. Mercantile Trust Nat'l Ass'n*, 507 S.W.2d 669 (Mo.App.1974), duty to pay "necessary" sums for tuition.

an assignment of error preserves nothing for review. Rule 84.04(d); *In the Matter of Roth*, 603 S.W.2d 70, 71 (Mo.App.1980). Even if the point was properly supplied with a specification of wherein and why the decision of the trial court was against the weight of the evidence, we do not, after reviewing the record, have a firm belief that the order of the trial court was wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The point is denied.

In his third and final point relied on, respondent contends that the garnishment in aid of execution was invalid in that it somehow could not be based on an order for execution which requested a special execution. The argument is vague, and seems to rest on the proposition that a special execution is unauthorized by a general money judgment or that only a general execution may be aided by garnishment. Respondent is attempting to place form over substance.

█ Admittedly, the omnibus form for execution and garnishment containing provisions for both general and special execution used in the office of the circuit clerk of Greene County leaves something to be desired, but there seems to be no doubt that the purpose of the document in question was to cause a garnishee to be summoned. The confusion, if any, in this matter seems to be in the praecipe, or request, and not in the fiere facias (or garnishment in aid thereof) which has the form of a general writ. Petitioner got what she intended to get. No meaningful error is involved. The point is denied.

Respondent makes the same allegations of error on his appeal from summary judgment entered against him on his tort claim as he does on the motion to quash appeal. If the writ of execution and garnishment were properly issued, the court did not err in overruling the motion to quash. This being so, its summary judgment dismissing respondent's tort claim for unlawful execution was proper, since the facts presented on the motion to quash proved that the execution, and garnishment in aid thereof, were lawful. Extended discussion of this phase of the appeal would have no precedential value. Rule 84.16(b).

The order of the trial court overruling respondent's motion to quash (Case No. 12167) is affirmed. The trial court's judgment in favor of petitioner on respondent's tort claim for damages for unlawful execution (Case No. 12168) is affirmed.

All concur.