**Deborah Kay INGRAM, Respondent,**

v.

**Garry Bland INGRAM, Appellant.**

No. 48115.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1984.

Michael W. Brown, Union, for appellant.

William M. Wunderlich, High Ridge, for respondent.

CLEMENS, Senior Judge.

Respondent-wife sued appellant-husband for temporary allowances pending the forthcoming submission of her petition for dissolution. The trial court awarded wife $300 a week and husband has appealed.

By his first point husband challenges the $300 weekly support allowance to his wife. He contends this was excessive in view of his $100 to $125 weekly salary.

Husband and wife had jointly owned and operated a grocery store. Accumulated debts soon exceeded both the store's value and the net value of their mortgaged home. Upon separation the husband's brother came to the rescue. He assumed their debts upon the husband selling him his interest in the store and taking a $20,000 second mortgage on the parties' home. The brother kept husband on as a partner in the store. Husband drew $100 to $125 weekly, plus his groceries and room rent.

We note initially that the $300 weekly temporary allowance to the wife was based on her itemized testimony of $200 a week to cover household expenses and food for the children, plus a $490.53 monthly home mortgage payment.

In dissolution cases for maintenance orders the trial court weighs the witnesses' credibility and we reverse only if the appellant shows a clear abuse of discretion. *Nilges v. Nilges*, 610 S.W.2d 58[1, 14] (Mo. App.1980).

We deny husband's claim of excessive temporary allowance based on his alleged weekly earnings of $100 to $125. The trial court could also have considered husband's admission that he could earn $500 weekly in other available employment. In allowing the support the trial court did not err in considering husband's anticipated earning capacity. *Nunn v. Nunn*, 644 S.W.2d 370[1, 2] (Mo.App.1982).

Husband's other point challenges the trial court's $300 weekly allowance to wife without allocating that amount between maintenance, child support and attorney fees. His cited case of *Pettigrew v.*

*Pettigrew,* 619 S.W.2d 364 (Mo.App.1981) concerns modification of a child support award. It is clearly not in point.

Husband also relies on two statutes. Sect. 452.335 refers to motions following dissolution so it is clearly not in point. Sect. 452.315 permits but does not require a separate motion for child support.

If in any way the trial court erred in not separately granting child support, that error would affect only the mother, not the father.

Affirmed.

DOWD, P.J., and CRIST and CRANDALL, JJ., concur.