SARAH E. GOLDSTEIN, RESPONDENT, v. BENJAMIN R. GOLDSTEIN, APPELLANT.—165 S. W. (2d) 876.

Kansas City Court of Appeals. November 2, 1942.

*E. M. Jayne* for respondent.

*M. D. Campbell* and *A. D. Campbell* for appellant.

SHAIN, P. J.—This action involves the modification of a divorce decree. On January 17, 1942, Sarah E. Goldstein filed a motion in the Circuit Court of Adair County, Missouri, to modify a decree rendered in that court, on the 21st day of February, 1940, wherein said Sarah E. Goldstein was plaintiff and Benjamin R. Goldstein was defendant. It appears that the trial court modified the decree and Benjamin R. Goldstein, without filing any bill of exceptions and without any showing as to motion for rehearing or application for or granting of an appeal, has caused a certified copy of orders of court to be duly filed in this court, and has also filed a printed document, asserted as his abstract of record in said cause.

The aforesaid abstract contains motion to modify as follows:

"Now comes the plaintiff and shows the court that by final judgment and decree rendered herein on the 21st day of February, 1940, she was awarded a divorce from the defendant together with the care, custody and control of Edward Goldstein, minor child of the parties, with the obligation on the behalf of the defendant to maintain said child in clothing and furnish whatever monies are necessary for school and other purposes for said child.

"Plaintiff further shows the court that notwithstanding the order and judgment of the court that the defendant maintain Edward Goldsein in clothing and furnish whatever monies are necessary for school and other purposes, the said defendant has wholly failed and refused to discharge the obligations so specified and existing and that a controversy exists as to what means are necessary to so maintain said child.

"Plaintiff further shows the court that the sum of twenty-five dollars a month is a reasonable, proper and necessary amount to provide necessities for school and other purposes for said child.

"Wherefore, plaintiff prays the court to modify the divorce decree herein to provide that hereafter the defendant be required to pay plaintiff the sum of twenty-five dollars per month and for all proper orders in the premises.

"On February 2, 1942, appellant, defendant, filed his answer to said motion which, omitting caption, style of cause, signature and venue, is as follows:"

Further, said abstract contains answer as follows:

"Comes now the defendant in the above entitled cause and for his answer to the motion of plaintiff to modify the judgment rendered in said cause by this Court on February 21, 1940, and denies each and every allegation in said motion contained.

"Further answering defendant says the said judgment of February 21, 1940, dissolved the marriage of plaintiff and defendant and awarded the custody of the minor child born of said marriage to plaintiff and denies this Court has power or jurisdiction to modify said judgment."

The aforesaid abstract contains formal matters of appearance of parties, the taking up and consideration of plaintiff's motion, allegation of having heard the evidence, and formal finding as to modification of former decree.

The decree of court then appears as follows:

"It is therefore, by the court, considered, adjudged and decreed that the decree entered in this cause on February 21, 1940, be amended from this date and that the plaintiff herein have and recover of and from the defendant the sum of fifteen dollars per month on the first day of March, 1942, and on the first day of each month thereafter until further order of the Court in full of the obligation of the defendant to maintain Edward Goldstein and it is further by the Court adjudged that all other terms and provisions of the judgment and decree stand unaltered by this order and it is further by the Court adjudged that a payment by the defendant of the amounts herein provided direct to Edward Goldstein may discharge the obligation of this judgment and that in default of payments as herein provided that execution issue."

The abstract further contains what purports to have been the findings and the decree of the court in the divorce proceedings of February 21, 1940.

Pertinent to issue herein the aforesaid decree of February 21, 1940, reads as follows:

"It is further, by the court, adjudged that the plaintiff have the care, custody and control of Edward Goldstein, minor child, with reasonable rights of visitation of said child to the defendant and that the defendant, in accordance with the stipulation heretofore filed herein, maintain said child in clothing and furnish whatever monies are necessary for school and other purposes for said child."

The abstract, outside of paragraph announcing date of filing, caption of cause and venue, consists only of motion to modify, *supra,* answer to motion, *supra,* full text of decree on February 21, 1942 (only copy of judgment included herein), and full text of decree on February 21, 1940. We only include herein that part of decree of 1940, pertinent to questions herein involved.

The appellant presents his case alone on points and authorities which, omitting citations, is as follows:

"1. The court erred in sustaining the motion to modify the decree of February 21, 1940, for the reason the motion failed to state facts sufficient to authorize the court to sustain said motion or modify said decree in this there is no allegation of change of condition showing new facts arising after the entry of the original decree.

"2. The motion to modify is treated as a petition in an original action and its failure to state a cause of action is a jurisdictional defect.

"And as the motion failed to allege any fact showing a change of conditions subsequent to the decree of 1940, it failed to state a cause of action and the court erred in sustaining the motion.

"3. The motion alleged the rendition of the divorce decree; the award of the custody of the child to plaintiff 'with the obligation' of the defendant to maintain the child; that defendant 'failed and refused to discharge the obligations' of the judgment; that 'a controversy exists as to what means are necessary to maintain said child.' Each of the quoted allegations of the motion is the statement of a legal conclusion, not the statement of an issuable fact and may be attacked at any stage of the proceedings.

"4. The decree of February 21, 1940, recites the parties had executed and filed a stipulation settling their property rights and that the settlement was fair and just and should be approved. The stipulation when approved by the court deprived the court of jurisdiction at a subsequent term to modify the decree respecting alimony.

"Plaintiff's remedy for failure of defendant, if any, to discharge the obligations of the stipulation is by independent action on the stipulation."

OPINION.

The appellant's contention, when clarified of all underbrush of verbiage, is a contention of no cause of action stated, therefore, no jurisdiction in court to enter decree with result, *coram non judice.*

It is the law of this State, as laid down in Salkey v. Salkey, 80 S. W. (2d) 735, that a decree of divorce as to custody of minor child cannot be modified by an after motion unless showing of changed condition after decree.

As declared in Bittel v. Bittel, 147 S. W. (2d) 139, the above rule also applies to a decree providing for alimony. Appellant cites Schulte v. Schulte, 140 S. W. (2d) 49, 54. The above case involves an attempt

to correct, *nunc pro tunc*, a clerical error, and is not in point herein. The statement contained in point 2, *supra*, is a correct abstract statement of the law. None of the citations, *supra*, go to the point as to whether or not allegation and proof of changed condition are necessary to jurisdiction of court in the case at bar.

Alimony is adjudged on conditions existing at time of divorce and the judgment is conclusive as to existing *status* and change of conditions are requisite to change. The same can be said on question of custody of minor child.

In matters of divorce the court retains jurisdiction in all matters affecting the welfare of minor children. "Custody is conjoined with maintenance." [Robinson v. Robinson, 268 Mo. l. c. 711.]

As to the matter involved, support of minor child, the condition is fixed and continual. It is not in contemplation that the duty to support as fixed by law is altered by changed conditions. The question as to amount to be contributed may be an issue dependent upon changed conditions and where any definite and specific amount has been awarded by a judgment which may be enforced by execution issued on the judgment, then a reason exists for alleging and showing of changed condition in seeking to modify.

By noting the language in the original decree, *supra*, it but declares that the father shall perform the obligation that is imposed upon him by law. By reading the language of the decree it would indicate that such obligation was imposed by stipulation. The appellant urges such contention. The expression, "Stipulation," as used in law, imports an agreement based upon consideration. The term "Stipulation," as used in the context, *supra*, has no enforcible significance. The language used in the decree constitutes but an ambiguous statement of a duty imposed upon the father by the laws of nature, by Biblical injunction and by the statutory mandate of the laws of this State. Considered as a judgment, it would overtax the best judicial mind to word an execution that would adequately enforce its decree.

We conclude that the elements giving rise to pleading and proof of changed conditions are absent. Such interpretation should be given to law as will make law conform to reason and when in any given case the reason for any rule of law ceases, then the rule ceases.

We conclude that it is not a changed condition that gives rise to cause of action herein, but it is the unchanged condition of a father, for a period of approximately two years, failing and refusing to support his minor child which calls for action to modify a judgment wherein an execution would not afford adequate relief.

The learned counsel evidently realized the difficulties of the situation presented by the original decree and suggests a remedy by independent suit on the stipulation. This, of course, is an admission that the decree, as it stands, is unenforcible by execution.

The difficult situation of bringing suit to enforce an unenforcible judgment and the situation of inadequate remedy by bringing a suit

280

on a stipulation for a father to perform a duty imposed upon him by law, wherein there is no valid or good consideration supporting the stipulation, is apparent.

The reason for a judgment definite in amount and responsive to execution in judgment for care and support of a minor child is to the end that means of support be available for present need.

The record before us is expressive of the reasons stated, *supra*. The appellant herein, we infer from the record, has wholly failed and refused to comply with the lawful duty to support his minor child from the time divorce was granted. Costs of litigation considered, we further infer that conditions of finance or inability to give his child support is not the basis of his refusal.

Counsel for respondent in his brief makes contention that the inclusion of the original decree in the abstract is improper. As to such point, while a motion to modify is *treated* as a petition in an original suit, the motion to modify is auxiliary to the original suit, and the fact that having the original decree before us has given us a better understanding of the situation, we feel assured that counsel for respondent will be generous enough to concede, for purposes of this suit, that the question is more academic than grevious.

By way of summary, and based upon conclusions stated above, we conclude that the trial court under its general jurisdiction over matters of welfare of minor children, had jurisdiction under the law and under the pleading to try and determine the issues presented and that the rules as to pleading and proving changed conditions do not come within the reason of the issues herein involved.

The judgment is affirmed. All concur.