Bernadine Lorraine PRATT, (Plaintiff) Appellant,

v.

Carl PRATT, (Defendant) Respondent.

No. 31166.

St. Louis Court of Appeals.

Missouri.

Dec. 18, 1962.

———◆———

Milton Napier, St. Louis, for appellant.

RAY E. WATSON, Special Judge.

This is an appeal by plaintiff, Bernadine Lorraine Pratt, from a judgment of the Circuit Court denying plaintiff's Motion to Modify a Decree of Divorce by granting to plaintiff the exclusive care and custody of the minor child of the parties so as to permit its adoption by plaintiff and her prospective husband, and to eliminate the provision for support of said child by the defendant.

Plaintiff was awarded a decree of divorce from the defendant in the Circuit Court of the City of St. Louis on October 21, 1958, and was granted the custody of the minor child of the parties, Carl Theodore Pratt, then one-year old.

Defendant was granted right of visitation with said child at reasonable times.

Judgment was entered for plaintiff against defendant for the support and maintenance of said minor child in the amount of $15.00 per week.

The Transcript of the record reveals that on March 31, 1959, defendant filed a Motion to Modify the Decree and requested the Court to set out specific times and conditions under which his right of visitation might be exercised, claiming that he had been denied right of visitation on various occasions.

On May 1, 1959, a decree was entered by consent so as to permit defendant to visit said child on every other Sunday from 12:00 noon to 2:00 P.M., and after the child became three years of age the defendant was to have temporary custody every other Sunday from 12:00 noon to 2:00 P.M.

On September 11, 1961, plaintiff, by her attorney, filed the Motion to Modify which is the subject of this appeal. In that Motion plaintiff alleged a change in the condition of the parties, and stated:

"* * * that defendant no longer desires either to enforce or to have any rights with respect to said child; that defendant is not only willing to permanently waive all of his rights as natural father, with respect to said child to the plaintiff herein, but he is willing to give his consent as the natural father of said child for adoption purposes; that said consent of said natural father was simultaneously executed herewith, a copy of which is made a part hereof, by reference as though expressly set out herein.

"Plaintiff further states that she is not only willing, but desirous of having full, sole and exclusive care, custody and control of their said child, aforesaid, but is willing to assume and does hereby assume full responsibility for his support, care and maintenance, from this time henceforth, until said child is either emancipated, reaches his majority or is adopted. That it would be for the best interests of said child if said decree of divorce was modified accordingly.

"WHEREFORE, plaintiff prays that the decree heretofore filed in this cause be modified, granting to plaintiff the sole, absolute and exclusive care, custody and control of Carl Theodore Pratt, born August 11th, 1957, in St.

Louis, Missouri, and that the order adjudged and decreed by this Court relative to payments to be made by defendant as and for support and maintenance of said minor child be vacated, suspended or abated and for naught held, henceforth."

This Motion to Modify was signed by plaintiff and acknowledged under date of September 5, 1961.

Filed with, or as a part of, the Motion to Modify was the defendant's acknowledgment of receipt of a copy of the Motion to Modify, waiver of notice of service of same, or summons, and request and consent that said Motion be sustained and the Decree of Divorce Modified accordingly. In the same instrument defendant acknowledged his indebtedness to plaintiff in the sum of $500.00, being arrearages for child payments which he agreed to pay at the rate of $5.00 per week. This instrument was signed and acknowledged by defendant before a Notary Public on September 5, 1961.

Thereafter, on September 22, 1961, there was filed a carbon copy of an instrument designated as "Consent of Natural Father." By this instrument defendant gave his consent to the adoption, transfer of custody, and change of name of said Carl Theodore Pratt. This instrument was also signed by defendant and acknowledged before a Notary Public on September 5, 1961.

The Motion to Modify the divorce decree was heard on September 22, 1961, with plaintiff present in person and by her attorney, and with defendant present but not represented by counsel.

Plaintiff was the only witness produced. She testified that she was awarded the decree of divorce on October 21, 1958, and was granted custody of the minor child, a boy, and fifteen dollars a week for the support of the child; that the child was in her custody; that defendant had remarried and his present wife was expecting a child. She further testified that she was contemplating marriage and desired to have her marital association with her former husband, and the matter of the custody of her child taken care of before making a definite decision concerning her remarriage. She also stated that she wanted the Court to grant her the exclusive care, custody and control of the child, and that she had requested her former husband to sign a Consent for Adoption of the child so that the child could become a part of her new family and that she and her former husband could each have a new family of their own; that her former husband had agreed to such an arrangement and the Motion was now before the Court for the Court's approval.

Upon being questioned by the Court the plaintiff stated that the underlying reason for the Motion to Modify was her impending marriage. Upon being further questioned by the Court the testimony of plaintiff revealed the fact that some difficulty had developed between plaintiff and her former husband over the fact that he had failed to pay the child support awarded and she told him if he could not pay to stay away from the child; that was partially the underlying reason for the Motion. She stated that since defendant could not afford to pay the child support and she had assumed all the responsibilities and paid for the child she wanted the peace of mind that defendant would not interfere in any way, and the child would be adopted by her husband; that defendant had consented and signed the papers.

The Court then raised the question of public policy and stated that it would be contrary to public policy to deprive the child of his father's duty to support the child.

Plaintiff had indicated that she intended to be married October 22, 1961, and furnished the Court Reporter with the name of the man she intended to marry. The Motion was then taken under advisement.

Thereafter, on November 20, 1961, the Motion to Modify was, by the Court, denied and following the filing of a Motion to Set Aside the Order of November 20, 1961, or in the alternative, for a Rehearing or a New

Trial which was denied on December 15, 1961, plaintiff filed Notice of Appeal to this Court.

Our records show that defendant was advised by our Clerk of the pendency and setting of this Appeal in our Court, and defendant wrote a letter to our Clerk to the effect he did consent to plaintiff's wishes in this matter and would not oppose this Appeal.

In the Brief of counsel for plaintiff two points are relied on: (1) that the Court erred in denying the Motion to Modify for the reason it is against public policy to try to take away from a child the right of his father to support that child and that the Court abused its discretion in refusing to approve the arrangement entered into for the child's adoption and the manner of payment of the arrearage of $500.00 for child support, and (2) the judgment denying the Motion is against the evidence in the case.

With reference to the question of public policy we are quite certain that the Court was referring to the duty imposed upon the father to support his child and the right of the child to such support. In giving consideration to this the Court was taking into consideration the rule laid down in almost every decided case that the welfare of the child is the paramount issue in any such case as this. There was no testimony presented in this case concerning the effect of this Motion, or rather, the arrangement provided for by it, upon the child.

It would appear that the parties were attempting to settle their personal problems and obligations rather than looking to the welfare of the child. In the first place, how could the trial Court determine that the impending marriage of plaintiff to some person unknown to the Court would result in a stable marriage? How could the trial Court know whether or not another Court would grant an adoption of this child if such a petition were filed.

Our Courts have held that "the welfare of the child is so important that a change of condition should not be found and custody awarded on speculation or experimentation." S—— & G——, 298 S.W.2d 67, l. c. 77.

Here the Court was being requested to approve an arrangement which would deprive the child of his father's duty to support him in exchange for a possible adoption by a possible future husband of plaintiff who was not even before the Court. If the plaintiff was not receiving the support money due from the defendant, she should have made use of the legal remedies of enforcing payment.

Counsel for plaintiff has cited a number of cases under Point I, most all of which are adoption cases and are not applicable to this case. One of the cases cited is Slaughter v. Slaughter, Mo.App., 313 S.W.2d 193, decided by this Court. Plaintiff points out in that case we said that the obligation of the adopting parent is the same as if he were the natural parent, but we also call attention to the fact that in another Court in a proper proceeding the adoption had been granted. We further point out that in that case we also said, "If this mother, by depriving the father of the right of visitation or of his right to temporary custody, were guilty of contempt of court (which we do not hold), it could subject her, but never the child, to penalties; and, it does not relieve the father of the duty to support the child under circumstances as shown in this case." This same statement is true in the case now before us.

Another case cited by counsel for plaintiff under Point I is Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323, which states that the trial Court in a divorce case does not lose jurisdiction by entry of its original final decree, but retains a limited jurisdiction to modify that decree as subsequent changed conditions may require. And if such modification pertains to the custody or future maintenance of a minor, this limited jurisdiction continues until the majority of the minor, or until the death of one of the parents, whichever first occurs. Appellant then argues that it is doubtful if a Juvenile

Court could take jurisdiction (apparently referring to an adoption proceeding) in the special circumstances of this case without prior approval of this arrangement by the divorce Court. We have read the Hayes case and the cases cited therein, and we do not think Appellant's reasoning sound, or sustained by the authorities. The Juvenile Division of the Circuit Court has exclusive and independent jurisdiction of all adoption cases. Sections 453.010–453.170 RSMo 1959, V.A.M.S., and that jurisdiction is in no way limited in a case where a minor child has been the subject of an Order with reference to its custody in connection with a divorce case. Prior approval of an adoption by the Court granting the divorce and providing for the custody of the minor child is not required.

Counsel for plaintiff urges in Point II of Appellant's Brief that since all of the evidence in the case is in favor of plaintiff's Motion to Modify and there was no conflict or disputed questions in the evidence, the trial Court abused its discretion in not sustaining the Motion.

 It is fundamental that the Appellate Court will review the entire record, with primary regard for the best interests and welfare of the child. This we have done. In this case there was no contest between plaintiff and defendant in the trial Court, and there is none here. It therefore, became the duty of the trial judge to determine whether the arrangement agreed upon was for the best interests and welfare of the child, and it is our duty to determine whether or not the trial Court fulfilled that duty properly or abused its discretion.

██ After having reviewed the matter fully we are of the opinion that the trial Court did fulfill its duty properly and did not abuse its discretion in denying the Motion to Modify.

It is clear from the information elicited from plaintiff that the arrangement agreed upon was to settle differences which had arisen between plaintiff and defendant over defendant's right of visitation and his failure to pay the child support, and since defendant had already remarried and plaintiff was contemplating remarriage, defendant was to permit the adoption of his child, and in return would be relieved from the payment of the child support awarded plaintiff by the trial Court. The future welfare of the child was wholly conjectural and dependent upon uncertainties. Courts will not permit a child to be bartered away in any such fashion.

The decision of the trial Court was correct and the judgment is affirmed.

WOLFE, Acting P. J., and FRANK W. HAYES, Special Judge, concur.

ANDERSON and RUDDY, JJ., not participating.