Sharon Kay FELTMAN (Hines), Appellant,

v.

Charles Joseph FELTMAN, Respondent.

No. 35260.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 24, 1974.

Murray Stone, St. Louis, for appellant.

Dolgin, Juncker & Beilenson, Joseph J. Dolgin, Clayton, for respondent.

CLEMENS, Judge.

This appeal by the plaintiff-mother stems from an order transferring custody of Natalie Feltman to the defendant-father. We affirm.

Custody was awarded the father in a divorce decree in January, 1971. In February the mother succeeded in having the decree set aside and custody awarded her. Despite the father's effort to regain custody, the mother obtained a divorce and custody in April, 1971. The father then filed a motion to modify the decree and in November, 1972 the court ordered custody transferred to him.

 A child is not an object to be shuttled from parent to parent. Her welfare is our primary concern in this review of the record. Pratt v. Pratt, 363 S.W.2d 54 (Mo.App.1962). Unlike the trial judge we are handicapped by our inability to assess the demeanor of witnesses; we therefore defer to the trial court's judgment unless it is clearly erroneous. Civil Rule 73.-01(d), V.A.M.R.; H—— B—— v. R—— B——, 449 S.W.2d 890 (Mo.App.1970).

 In his findings the trial judge stressed the character and conduct of the man plaintiff married soon after her divorce. Consideration of this man's character was proper since that matter was not before the court granting plaintiff custody. A court may hear evidence concerning facts not before it at the time of the decree when such evidence sheds light upon the character of a new stepparent. S—— v. G——, 298 S.W.2d 67 (Mo.App.1957). Plaintiff's new husband pled guilty to larceny in 1969 and was fined for another larceny in 1970. The court properly admitted these facts. Evidence of prior convictions is relevant to the issue of parental fitness. Johnson v. Fish, 197 S.W.2d 990 (Mo.App.1946).

We agree the stepfather's conduct was a concern critical to the court's effort to find Natalie the better home. We are equally impressed by the mother's conduct which also seemed immature and unstable. At times, the activities of mother and stepfather led to the latter's arrest. The fact of arrest is inconsequential; the conduct of the parents is not. The mother testified she knew her husband kept contraband in the apartment within Natalie's reach. On one occasion the mother volunteered to police the presence of marijuana and MDA in the refrigerator. On another occasion she permitted a search during which police found marijuana and nude pictures, again within Natalie's reach. Plaintiff testified she once took Natalie with her and her husband to steal some concrete blocks. Three months before the November 1972 hearing the mother filed formal assault charges against her husband.

██ The conduct of plaintiff and her husband was, at best, immature and, at worst, disregardful of moral values consonant with parenthood. Parents' morals are a proper subject of inquiry when a child's welfare is at stake. Parents who condone and admit to illicit or immoral conduct are unsuitable models for children. Hurley v. Hurley, 284 S.W.2d 72 (Mo.App.1955). A parent's relationship with family members is also the court's valid concern. Ackfeld v. Ackfeld, 483 S.W.2d 614 (Mo.App.1972). A home environment in which a child's stepfather assaults her mother cannot promote the child's welfare.

The home environment into which the child will be placed is of great concern. H—— v. D——, 373 S.W.2d 646 (Mo.App. 1963); Rogers v. Rogers, 430 S.W.2d 305 (Mo.App.1968). The home offered Natalie by her father contrasts sharply with that offered by her mother. The trial court found that the paternal grandparents who would babysit when the father worked were "conservative, modest, respectable individuals" and Natalie would have her own room, ample play area and the companion-

ship of the grandparents' young children with her father and grandparents.

■ The trial judge did not err in concluding the father would provide the more suitable home environment for the child and the judgment is therefore affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.