Dorothy Mae CRADIC,
Petitioner-Appellant,

v.

Howard H. CRADIC,
Respondent-Respondent.

No. 10345.

Missouri Court of Appeals,
Springfield District.

Dec. 7, 1976.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff; for petitioner-appellant.

L. Michael Lorch, Robert M. Ramshur, Piedmont, for respondent-respondent.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

## PER CURIAM.

The parties in this case were married seventeen years before the wife filed her petition for dissolution of marriage on June 24, 1975. A fifteen-year-old son and a thirteen-year-old daughter were born of the marriage. The family home since 1971 or 1972 had been a double-wide mobile home located at Williamsville in Wayne County, Missouri. The husband, however, had lived there with his wife and children only on weekends. During the weekdays he lived in Pevely, Missouri, to be near his place of employment, Western Union, in Bridgeton, Missouri. Although in the purported judgment the court awarded the double-wide trailer to the husband, it awarded the wife rent-free use of the trailer for four years and granted the husband access to the trailer "upon reasonable notice at reasonable times."

The judgment entered by the court awarded custody of the children to *both* parents, and the respondent-husband was ordered to "maintain and provide for the necessities for the two children born of this marriage."

On appeal the wife challenges the custody and child support awards. She also challenges the division of marital property and the propriety of granting the husband access to the trailer while she used it as her home. However, we do not reach the merits of the latter points. We reverse and remand since we deem the judgment unenforceable and void as to custody and child support.

In a custody dispute, the welfare of the child is of paramount concern. *In Re Marriage of Powers,* 527 S.W.2d 949 (Mo. App.1975); *Larison v. Larison,* 524 S.W.2d 159 (Mo.App.1975); *Hinson v. Hinson,* 518 S.W.2d 330 (Mo.App.1975); *Feltman v. Feltman,* 514 S.W.2d 353 (Mo.App.1974). Some association with each parent will serve a child's best interests as long as neither parent is unfit. *Graham v. Graham,* 428 S.W.2d 941 (Mo.App.1968). But "the interest of the child is best served from a standpoint of stability if one or the other parent is given full custody with reasonable visitation rights to the other parent." *Wood v. Wood,* 400 S.W.2d 431, 437 (Mo. App.1966). Accordingly, both before and since passage of § 452.375, RSMo Supp.1975, courts have consistently awarded one parent permanent or major custody and the other parent temporary or minor custody. *McFadden v. McFadden,* 509 S.W.2d 795 (Mo.App.1974); *M__ L__ v. M__ R__,* 407 S.W.2d 600 (Mo.App.1966).

In *Hawkins v. Hawkins,* 462 S.W.2d 818 (Mo.App.1970), we said at 821–822(4): "[I]n the absence of evidence that either parent is an unfit person to care for the child, a trial court is obliged to award custody to one parent or the other, § 452.120; *Sanders v. Sanders,* 223 Mo.App. 834, 839, 14 S.W.2d 458, 460[7] . . .."

In *Sanders v. Sanders,* cited in *Hawkins,* this court pointed out that the court had the duty to decide between contesting parents when the issue of child custody was raised. "They are entitled to a permanent

home with the parent under whose custody they will fare best." 14 S.W.2d at 463.

The Kansas City Court of Appeals in *Paxton v. Paxton,* 319 S.W.2d 280 (Mo. App.1958), stated at 289: "Unless both parents are utterly unfit, we must grant custody to *one or the other,* and so we look at these two existing alternatives." (emphasis added)

In *Brand v. Brand,* 441 S.W.2d 750 (Mo. App.1969), the original divorce decree awarded the parents joint custody of the minor children. No appeal was taken from the decree. Thereafter, on the father's motion to modify the decree, the trial court granted him general custody with reasonable visitation rights for the mother. In the appeal of the modification order, this court, speaking through Hogan, J., said at 753:

> "[T]he record before us plainly shows that the 'joint custody' provision was a matter of stipulation and agreement between the parties, rather than an adjudication upon contested facts. . . . For present purposes, it is unnecessary to consider whether the original decree is in fact definite and specific enough to be considered as an award of custody, see *Schumm v. Schumm,* Mo.App., 223 S.W.2d 122, 125–126, it is sufficient to say that in our view, the order appealed from must be considered as an original adjudication of custody, rather than a modification."

In the *Schumm* case, cited in the above quotation, the court pointed out "[I]n the very nature of things general custody must be awarded to one parent as against the other . . .." 223 S.W.2d at 125 (Mo. App.1949).

■ We are of the opinion that the ruling in the cases cited that general custody must be given to one parent or the other, absent unfitness of both, is sound and the same reasons support this proposition today as in earlier years. We do not read § 452.-375, Laws 1973, p. 189, as changing the law, as suggested by respondent-husband. We hold that portion of the lower court's decree awarding joint custody is void.

■ The child support portion of the decree ordering the husband to "maintain and provide for the necessities for the two children born of this marriage" is indefinite and void. A support decree, since it is a judgment for money, must specify with certainty the amount for which it is rendered. *Taylor v. Taylor,* 367 S.W.2d 58, 62 (Mo. App.1963).

The wording in the present support decree is similar to that found in the original decree rendered in *Goldstein v. Goldstein,* 237 Mo.App. 274, 165 S.W.2d 876 (1942), where the father was ordered to "maintain [the] child in clothing and furnish whatever monies are necessary for school and other purposes for said child." 165 S.W.2d at 878. In *Goldstein,* when the parents could not agree upon the sum "necessary" to maintain the child, the mother moved to modify; the trial court then decreed that the father should pay $15.00 per month and the Kansas City Court of Appeals affirmed.

There was a similar result in *Rodden v. Rodden,* 527 S.W.2d 41 (Mo.App.1975), where on the mother's motion to modify, the father had been ordered to "pay all extraordinary medical expenses" incurred by the Roddens' son. The mother appealed claiming the award was too ambiguous to be enforced. The St. Louis District agreed, and reversed and remanded. At 43–44 the court said:

> " . . . [A] judgment relating to the payment of 'all extraordinary medical expenses' would be unenforceable. A judgment for money must specify with definiteness and certainty the amount for which it is rendered, and a judgment incapable of enforcement because of indefiniteness is void. *Loomstein v. Mercantile Trust National Ass'n,* 507 S.W.2d 669 (Mo.App.1974). In *Loomstein* it is held that an order requiring the defendant to pay 'all sums necessary for his daughter's college and graduate school tuition, books, room and board' was unenforceable, as there were no specific sums or methods to compute the costs. The judgment was held void because external proof would be required to ascertain the

specific amounts to be collected. So, too, in this case, plaintiff would be required to bring in external proof of specific extraordinary medical expenses, thereby making the provision void." (footnotes omitted).

Accordingly, we reverse and remand to allow the development of a more complete record concerning custody and support. We direct the trial court, after considering the augmented record, to award permanent custody to one parent and temporary custody to the other, and to fix and determine any child support with certainty.

All concur.