**Leigh S. MEYER (now Welles), Petitioner-Respondent,**

v.

**Boyce Welles MEYER, Respondent-Appellant.**

**No. 42557.**

Missouri Court of Appeals, Eastern District, Division No. 3.

May 19, 1981.

John K. Greider, Clayton, for respondent-appellant.

Mark E. Goodman, St. Louis, for petitioner-respondent.

SNYDER, Judge.

This is an appeal by the ex-husband (appellant) from a judgment on the ex-wife's (respondent's) motion to modify a dissolution decree with respect to child support. The original decree awarded custody of two minor children to the respondent and incorporated a separation agreement under which the appellant agreed to pay the educational, medical and dental expenses of the children. Neither the decree nor the separation agreement specified a dollar amount. The trial court modified the decree by awarding the respondent $1,000 per month for each of the two minor children, a total of $2,000 per month.

The judgment is affirmed.

The parties were married on May 16, 1953. Their marriage was dissolved on May 12, 1976. The respondent was awarded custody of the two children, Hope (then 13 years old) and Eric (then 15 years old). The dissolution decree also incorporated a separation agreement in which appellant agreed to pay the children's educational, medical and dental expenses including the costs of higher education. No dollar amount was specified.

The obligation of appellant to pay the educational expenses was explained in some detail in the separation agreement. The general categories of educational expense both at preparatory schools and at colleges were recited. The parties agreed to consult each other in good faith with respect to the choices of colleges and to allow the children to express their preferences. Shortly before the dissolution was decreed respondent and the children moved to New York City. The children's private school education expenses in New York for the 1975–76 school year were listed in the separation agreement and appellant agreed to reimburse respondent for these expenses. The parties further agreed that appellant would be entitled to deduct the minor children as his dependents on his federal income tax return.

█ Appellant claims the trial court erred in modifying the decree because respondent's evidence was insufficient to prove a change of circumstances so substantial and continuing as to make the terms of the original decree unreasonable. § 452.-370.1, RSMo 1978.

Respondent counters by arguing that it is unnecessary for her to adduce evidence of a change in circumstances so substantial and continuing as to make the terms of the original decree unreasonable because in fact the original decree contained no provision for child support that is enforceable by execution. Respondent's point is well taken.

This court affirmed a trial court judgment quashing an execution and garnishment filed by respondent in an attempt to enforce the judgment for educational expenses. *Meyer v. Meyer*, 599 S.W.2d 6 (Mo.

App.1980). The execution and garnishment were quashed because no amounts were specified in the judgment nor did the judgment order any method by which amounts of child support could be calculated. The original decree respecting child support was held to be indefinite and unenforceable by execution.

Similar fact situations were present in *Goldstein v. Goldstein*, 237 Mo.App. 274, 165 S.W.2d 876 (1942) and *Cradic v. Cradic*, 544 S.W.2d 605, 607[5] (Mo.App.1976). The *Goldstein* opinion held that it was not necessary to plead and prove changed circumstances when the original decree said that the husband would "maintain said child in clothing and furnish whatever monies are necessary for school and other purposes for said child." *Goldstein v. Goldstein, supra* at 877. The court reasoned that the judgment was not responsive to execution and that the trial court could hear relevant evidence on the child support issue and make its ruling without regard to proof of changed conditions. See also *Loomstein v. Mercantile Trust National Association*, 507 S.W.2d 669 (Mo.App.1974).

So it is here. There was no enforceable judgment for child support. Therefore, whatever existing circumstances were disclosed by the evidence could be used by the trial court in its award of child support.

█ The question of the enforceability of the child support provisions of the original separation agreement in an independent contract action, suggested as a possibility in *Loomstein v. Mercantile Trust National Association, supra* at 671[4–5], arose in oral argument. The modification of the child support award affirmed in this proceeding forecloses any further action, contractual or otherwise, to enforce the prior child support decree.

No point was raised as to the sufficiency of the evidence. There was no error of law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976).

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.