Deborah L. STOUTIMORE, Respondent,

v.

John R. STOUTIMORE, Appellant.

No. WD 34446.

Missouri Court of Appeals,
Western District.

May 1, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied July 3, 1984.

Application to Transfer Denied
Aug. 24, 1984.

Joseph Y. DeCuyper and Hsiang-Lin Lee of Snowden & DeCuyper, Kansas City, F. Joe DeLong III, Jefferson City, amicus curiae for Divorced Dads, Inc.

Tom B. Kretsinger, Jr. of Kretsinger & Kretsinger, P.C., Liberty, for respondent.

Before PRITCHARD, P.J., and MANFORD, and NUGENT, JJ.

MANFORD, Judge.

This is an appeal from a judgment of dissolution of marriage. The judgment is affirmed.

Four points are presented, which in summary charge that the trial court erred in its judgment, because (1) that portion of the judgment awarding custody of the minor child was against the weight of the evidence; (2) it denied appellant's request for joint custody of the minor child; (3) of the sum awarded as attorney's fees; and (4) it required a deposit for the remainder of attorney's fees pending disposition of the appeal herein.

Review of this matter is with Rule 73.01 as that rule has been construed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The record contains no formal request for findings of fact and conclusions of law, and thus any such request is deemed waived and all fact issues relative to this appeal are deemed found in accordance with the trial court's judgment. *Husky Industries, Inc. v. Craig Industries, Inc.*, 618 S.W.2d 458 (Mo.App.1981); Rule 73.01.[1] In its judgment order, the trial court did set forth minimum fact findings, but no error lies against the trial court for not making specific findings. *McClelland v. Williamson*, 627 S.W.2d 94 (Mo.App.1982).

In summary, the record reveals the following pertinent facts:

---

1. Technically, what occurred is that the wife formally and originally requested findings of fact and conclusions of law, but withdrew that request. The husband made no request for ei- ther. Hence, the result is that no formal request for either was made by either party herein.

The parties cohabited prior to their marriage. It was determined that respondent was pregnant and that the parties then solemnized their relationship by a contract of marriage entered on April 5, 1980. The marriage is recorded in Clinton County, Missouri. Both parties testified that the marriage is irretrievably broken with no likelihood of it being preserved. Both parties testified as to verbal and physical abuse to the other. There was one child (male, aged three years) born of the marriage. The parties testified of their interest and concern for the welfare of the minor child. In addition to their own testimony as to claimed parental fitness, both parties offered expert testimony in further support of their claims.

Additional applicable facts are referenced in the disposition of the charged errors. It suffices to state at this point that the trial court dissolved the marriage, awarded custody of the minor child to respondent (wife-mother), divided the marital property, ordered visitation, and directed appellant (husband-father) to pay an appropriate sum as monthly support for the child. The record reveals very liberal visitation awarded to the husband-father. This appeal followed entry of the judgment.

Under his first point, appellant (hereinafter referred to as husband) charges that the trial court erred in awarding custody of the minor child to respondent (hereinafter referred to as wife), because the welfare and best interests of the child would be better served if custody had been awarded to the husband, and the custody portion of the judgment was against the weight of the evidence.

■ In reality, the contention of the husband under this point (1) is that the court should have ordered *joint custody*, arguing that as a principle, that form of custody is preferable to sole custody in one parent over the other. The husband postures this argument upon his claim that the evidence revealed both parties to be fit for purposes of parental custody. The only evidentiary challenge he makes under his point (1) is

that due to the work schedules of the wife, the minor child is left to remain awake as late as midnight most evenings, whereas his work schedule would not permit or encourage such late hours. However, the record reveals that the husband goes to work at such an early hour in the mornings that the minor child would have to be awakened at 4:00 a.m. to accommodate the husband's work schedule. On its face, this is an insignificant challenge to the evidence regarding the order of custody. The evidence was substantial to support the trial court's award of custody to the wife and the court did not err in making that award. It is evident from the husband's argument under this point (1) that he really makes no challenge to the evidence, but rather, argues for joint custody, which is addressed more in detail under his point (2).

Point (1) is meritless and is ruled against the husband.

Under his point (2), the husband charges that the trial court erred in refusing his request for joint custody of the minor child. The husband premises his argument under his point (2) upon the following that the state laws requiring that the custody of minor children be placed with one parent, as well as the tender years presumption, are unconstitutional and violate § 452.375, RSMo 1978, as amended, Mo. Const. Art. I, § 2, and U.S. Const. Amend XIV, because such laws presumptively deny the husband, relative to his relationship with his minor child, equal rights and opportunity.

In support of his argument under his point (2), the husband again emphasizes his claim that both parties are fit relative to parental custody. The husband then proceeds to direct attention to a legislative amendment to § 452.375. The husband directs specific attention to subsection two of the statute, which by the 1982 amendment reads: "2. As between the parents of a child, no preference may be given to either parent in the awarding of custody for the sole reason that the parent is the mother or father of the child, nor because of the age or sex of the child..." (effective August 13, 1982 as per Mo. Const. Art. III, § 29)

Additional amendments to § 452.375 were made, and it is noted that in 1983, the Missouri General Assembly revised the above statutory section still further. Section two became section three, and presently reads:

"3. As between the parents of a child, no preference may be given to either parent in the awarding of custody for the sole reason that the parent is the mother or the father of the child, nor because of the age or sex of the child. The court may award joint custody or sole custody to either parent, or, when the court finds that each parent is unfit or unable, and it is in the best interests of the child, then to a third party." (effective September 28, 1983 as per Mo. Const. Art. III, § 29)

As regards the above amendments to § 452.375, section *two*, as worded above, *was*, and section *three*, as worded above, *was not*, in effect at the time of the judgment herein (entered December 20, 1982, amended as of December 20, 1982).

Having referenced § 452.375.2, the husband, in summary, then argues that the above statutory revision mandates equality as between parents regarding parental custody. He then re-emphasizes that the trial court, in its decree, made no finding that he was unfit or that he was less fit than the wife as a parent. He then argues that since the trial court did not make any finding of unfitness or less fitness, the trial court must have based its custody award upon two other bases. The first is the "tender years presumption." The second is the "sole parent doctrine."

As to the first of these bases, the husband cites to several authorities which in fact did adopt and apply the so-called "tender years presumption." See *In Re Marriage of Carmack*, 550 S.W.2d 815 (Mo.App.1977), *In Re Marriage of Zigler*, 529 S.W.2d 909 (Mo.App.1975), *S G E v. R L J*, 527 S.W.2d 698 (Mo.App.1975), *R v. E*, 364 S.W.2d 821 (Mo.App.1963), and *Clinton v. Clinton*, 444 S.W.2d 677 (Mo.App.1969), just to list a few.

After citing to the above authorities and others, the husband points out that the "tender years presumption" has been abrogated or repealed by the enactment of § 452.375.2 above and any decision made pursuant to "tender years presumption" must be vacated and held void. There is no doubt that § 452.375.2 has abolished the "tender years presumption" in our state (as the husband contends). That factor alone, however, is not determinative of the question in this case. The real question is whether the trial court herein applied that presumption as claimed by the husband. The entirety of the husband's argument on this one "basis" is his repeated assertion that the trial court did not find him unfit or less fit than his wife, and therefore, the court, in its custody award, must have applied the "tender years presumption." A careful search of the record discloses absolutely no basis to support this assertion by the husband. What the trial court did disclose was its awareness that, at the time this case was heard, it was without authority to enter a joint custody award. There is nothing herein to show, nor has the husband revealed to this court, that the trial court based the award of custody in the wife on any consideration of the "tender age" of the minor child. The husband's assertion is not supported by the record.

The "alternative basis" or "remaining basis" which the husband asserts the custody award was incorrect was his assumption that the award must have been based upon the rule announced in *Cradic v. Cradic*, 544 S.W.2d 605 (Mo.App.1976). In *Cradic*, the court ruled that custody must be given to one parent or the other and that § 452.-375 (prior to the 1982–83 amendments noted above) did not authorize joint custody. The husband then argues that not only is the rule in *Cradic* incorrect, but it is so in light of the ruling in *Baer v. Baer*, 51 S.W.2d 873 (Mo.App.1932), which the husband argues was a ruling upholding a decree of joint custody. The *Baer* decision must be viewed in detail so that the particular, and hence distinguishable, feature of that decision can be considered.

The joint custody decree referenced in *Baer* arose from an agreement between

the parties which they executed prior to trial and which, after consideration thereof, the trial court approved. It is noted from the outset that no appeal from the original decree was ever taken by either party, so in reality the question of "joint custody" was never presented as a question on appeal.

■ Subsequent to the decree of divorce, the parties became involved in a dispute over the removal of the minor child from Missouri. A motion to modify the decree was filed and it was in that procedural setting that the "joint decree" was discussed by the court. The challenge to the "joint custody" was in regard to the time of year, that is, the months of the year as those months interrelated with the school year of the minor. Thus, in the correct sense, there was not in *Baer* any direct challenge to the validity of a "joint custody" award absent the previously executed agreement between the parties. What the court did in *Baer* was to approve the agreement of the parties relative to activities (i.e., care and maintenance of the minor child) which provided for the "joint" participation of the parties regarding the decisions to be made relative to the child's welfare. The ruling in *Baer* does not, although the husband herein assumes to the contrary, rule the question of the validity thereof or the court's authority relative to a decree of joint custody absent an agreement of the parties expressing both their desire and willingness to jointly participate in the custody of the minor child. Stated another way, the ruling in *Baer* is not in conflict with the ruling in *Cradic,* nor does the *Baer* ruling run contra to the statute.

■ *Baer* has no application to the instant case on the issue of joint custody because unlike *Baer,* this case does not include an agreement between the parties on joint custody. In effect, what the court in *Baer* was doing was not entering its decree in contravention of the statutory authority on custody, but rather, the court honored the previously executed agreement of the parties and in so doing, met its responsibility as to the protection of the best interests of the minor child. There is nothing to prohibit our courts, in their judgment of protecting the interest of minor children, from entertaining and even enforcing such agreements between the parties. That is a far cry from concluding, as the husband herein urges, that such decrees were authorized by statute (prior to the 1983 amendment to § 452.375), or that decisions by our courts, which approved such agreements, were issuing decrees in conflict with other decisions which upheld the rule of custody in a "sole parent" case such as *Cradic.* That this is so is reflected by other decisions wherein such agreements have been discussed, *but* it has also been ruled that our courts were not bound to adopt, follow, or enforce such agreement. See *Matter of W K M,* 537 S.W.2d 183 (Mo.App.1976) and cases cited therein. Thus, there is no conflict between the ruling in *Cradic* and *Baer* as contended by the husband herein.

■ As one further note, the husband herein charges that the "tender years presumption" and the "sole parent doctrine" are both unconstitutional because they deny the equal protection to both parents to equally participate in the raising of the minor child. As regards the constitutional challenge under the "tender years presumption", it suffices to state that this challenge is "moot" under the facts and circumstances of the instant case for two reasons. First, the 1982 amendment to § 452.375, in effect at the time the decree was entered herein, abolished that "presumption." Second, there is absolutely nothing upon the record in the instant case which even suggests, let alone establishes, that the trial court applied such a presumption in its award of custody to the wife.

The question of constitutional challenge to the "sole parent doctrine", as declared in *Cradic* and other cases, is also moot with the enactment of the 1983 amendment to § 452.375 noted above. What the husband is requesting of this court is the determination of a constitutional question premised upon statutory law which has been repealed and superceded by another statute.

He also seeks a ruling by this court upon case authority decided upon that previous statutory authority.

This type of proposal was presented to our state Supreme Court in *Williams v. Williams,* 510 S.W.2d 452 (Mo. banc 1974) wherein an appeal was lodged challenging an award of child support. The challenge was based upon an alleged sexual discrimination (against the father) as it had been held that the father was primarily obligated to support his minor children. Our state Supreme Court noted that the statute to which the constitutional challenge was directed had been repealed. The court declined to rule the constitutional issue, stating at 455 of the opinion:

"We do not deem it prudent to decide important constitutional questions in a case decided under a repealed law purportedly pursuant to earlier case authority which is no longer fully applicable to child support orders entered in marriage dissolution cases because of the change in the statutory law of this state."

The rule announced in *Williams* is not only applicable but controlling upon the issue of the husband's constitutional challenge to the "sole parent doctrine" because of the changes in 1983 to § 452.375.

Such a determination herein does not foreclose the husband from seeking a modification of the decree herein and in such proceeding, attempting to establish the justification for a decree of joint custody. Such an approach, of course, would demand the proper proof, but moreover, such approach would or could be more properly lodged in conformity with the present wording and mandate of § 452.375.

Point (2) is found to be meritless and is ruled against the husband.

The husband's points (3) and (4) are taken up together because they address the same issue, to wit, a charge that the trial court erred in its award of attorney's fees to the wife, both for trial and the appeal of this matter.

The husband acknowledges the discretion of the trial court to award said fees, but claims that the evidence did not support the court's award of $5,000 in fees. A careful reading of the record reveals that the evidence was substantial as in support of the award. The trial court ordered the husband to pay the sum of $2,500 as attorney's fees relative to the trial of this cause. That sum is supported by the evidence.

Following trial, the husband filed this appeal. That action was followed by the filing of the wife's motion for attorney's fees and costs pending appeal. Such action is authorized by § 452.355, RSMo 1978. A hearing on the wife's motion was held, evidence taken, and on February 10, 1983, the trial court ordered the husband to pay the sum of $2,500 and to make a deposit of that sum as fees for the appeal. Such action by the trial court is authorized, *Orth v. Orth,* 637 S.W.2d 201 (Mo.App.1982), § 452.355. The record shows that there was no abuse of discretion by the trial court in the award of attorney's fees under the facts and circumstances of the instant case.

Husband's points (3) and (4) are meritless and are ruled against him.

The court notes the filing of an Amicus Curiae brief filed by Divorced Dads, Inc.

In conclusion and for the reasons set forth above, the judgment entered by the trial court was not against the weight of the evidence, it was supported by substantial evidence, and it did not erroneously declare or apply the law. *Murphy v. Carron, supra.*

The judgment is in all respects affirmed.

All concur.