**Hope Elaine JAUDES,
Plaintiff-Appellant,**

v.

**Christopher JAUDES, Jr.,
Defendant-Respondent.**

No. 50461.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 2, 1986.

Charles P. Todt, Clayton, for plaintiff-appellant.

Mark Kruger, Clayton, for defendant-respondent.

PUDLOWSKI, Judge.

The wife appeals from the judgment of the trial court in a dissolution of marriage with respect to child custody, child support, maintenance and division of marital property. We affirm.

The parties lived in Bloomington, Illinois for four years after their 1977 marriage while the husband obtained a degree in music. During this period of time, the wife worked full-time and the husband worked part-time. The couple's only child, Jacy, was born in Bloomington in 1980. The following year, the family moved to St. Louis where the husband obtained employment as a musician. He works away from home six evenings a week from 7:00 p.m. to 11:00 p.m. approximately twenty-five weeks each year and an occasional Sunday afternoon for a matinee.

On September 28, 1983, the wife filed a Petition for Dissolution of Marriage, and on December 17, 1983, she left the marital home to move to Carmel, Indiana where she had been offered a job by a previous employer. Her work schedule involves absence from the home on weekdays from 7:30 a.m. until 4:45 p.m. and some out of town travel. According to the terms of a temporary order of the court that was in effect while the dissolution action was pending, the husband was awarded custody of the couple's daughter, Jacy, and the wife was awarded temporary custody one week per month in Indiana and one three-day weekend per month in St. Louis.

The trial court rendered its judgment on June 14, 1985 in the form of a detailed nineteen page document that included sixty-nine factual findings. Primary custody of the four year old daughter was awarded to the husband and the wife was granted temporary custody for thirty days during the summer, nine days at Christmas, spring vacation and one weekend each month. In addition, the wife was ordered to pay $250.00 per month in child support and $2,000.00 in cash to the husband. Neither party was awarded maintenance or attorney's fees, and the property of the parties, which included no real estate, was divided with the wife receiving property valued in excess of ten thousand dollars and the husband receiving six thousand eight hundred dollars in marital property and one thousand three hundred dollars in separate property.

The trial court's judgment "will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The wife's primary contention is that the trial court erred in its custody award because there were no substantial reasons why primary custody of the four year old child should not have been granted to the natural mother. She argues that although the tender years presumption has been abolished in this state, § 452.375.3 RSMo Cum.Supp.1984, it is still a recognized fact of life based upon human experience that a mother is the better custodian for a young female child. Nevertheless, this maxim cannot prevail where there is evidence that custody by the father is in the child's best interests. *In re Marriage of Kuhl,* 640 S.W.2d 828, 829 (Mo.App. 1982).

The trial court found that neither parent was an unfit custodian for the child, but it also found that the best interests of the child would be served by awarding custody to the husband because the child

has resided in the St. Louis area since she was one year old, she has friends and family locally who have provided an important support base, she has adjusted to her home and community and was active at church, dance classes and in counseling sessions, and a move to Indiana would be disruptive to the child. Additionally, it found that the husband had shared in the child rearing responsibilities throughout the marriage and had assumed the role of primary caretaker in an admirable manner since the petitioner left the area. We find no abuse of discretion in the award; the trial court correctly considered the relevant factors in § 452.375.2, RSMo Cum.Supp.1984, and the record supports his findings.

Both parties are employed and earn approximately the same yearly salary but the husband's work requires considerably less time away from home than the wife's job. Partially because of his schedule, the husband has a very close relationship with the child and his parents are available to care for Jacy while he is working. This is certainly a relevant factor in determining the best interests of the child.

The wife alleges that the trial court was punishing her for accepting a job in another state and that the effect of the judgment is to prefer the paternal grandparents over the wife as the appropriate custodian for Jacy. We find no basis for these allegations in the record. The husband was awarded custody based on the trial court's determination of the child's best interest. Although the fact that Jacy had loving grandparents who were willing and available to care for her during the evenings when the husband worked may have seemed preferable to the wife's day care arrangements to the court, the grandparents were not given any custodial rights. We can not say that the trial court erred in the award of primary custody to the husband.

■ The wife also contends that the trial court erred in ordering her to pay $250 a month in child support because the award shifted the primary responsibility for the support of the child to her rather than the husband. The evidence indicated that the monthly expenses directly attributable to the child were estimated at $280, but that figure does not include any portion of the family's expenses for housing, utilities and transportation. *See Barac v. Barac,* 684 S.W.2d 869, 870 (Mo.App.1984). When these expenses are considered, the division of responsibility for the support of the child is nearly equal, mirroring the salaries of the parties.

■ While it is true that § 452.340, RSMo 1978, contains language that makes the husband's primary responsibility for support of the child a relevant factor, a mother may also be required to provide support when she has the ability. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 859 (Mo.App.1977). The law does not automatically absolve a wife from all responsibility for financial support of the children simply because the husband's income can satisfy their basic needs. *Gray v. Gray,* 649 S.W.2d 908, 910 (Mo.App.1983). This is particularly true in a situation in which the father has been granted primary custody and is assuming the responsibilities of meeting the child's daily needs.

■ The wife alleges that her present monthly income is not sufficient to meet her monthly expenses and that the child support order will substantially increase her monthly deficit. There are inconsistencies in the wife's testimony concerning her yearly income and the Income and Expense Statement she filed. It is the trial court's responsibility to determine the credibility of the testimony and to accept or reject any or all of a party's testimony. *Trapani v. Trapani,* 684 S.W.2d 500, 503 (Mo.App. 1984). The trial court found, based upon her own testimony, that the wife's yearly salary was $27,000, not $22,500 as projected by the statement. Moreover, it is for the trial court to determine the reasonableness and necessity of a party's claimed expenses.

We have consistently held that the award of child support is a matter for the trial court's discretion. Brueggemann, 551

S.W.2d at 859. We find no abuse of that discretion in the record before us. Nor was it error to fail to provide abatement of the duty of support during brief periods of temporary custody. *Klinge v. Klinge,* 663 S.W.2d 418, 419 (Mo.App.1983).

The trial court ordered the wife to pay the child's transportation expenses in connection with the exercise of temporary custody. The case relied on by the wife to show that this is an abuse of discretion, *Taylor v. Taylor,* 548 S.W.2d 866 (Mo.App. 1977), is not applicable. In *Taylor,* the custodial parent removed the children from the state depriving the non-custodial parent of his established right to temporary custody. In this case, the wife voluntarily removed herself from the child's home state. Moreover, this is not a case requiring expensive transcontinental air fares but rather a half day automobile trip. While the financial status of the parties is an important factor in deciding who should bear the expense of visitation rights, the order need not reflect that status if other relevant factors are considered. *Ronzio v. Ronzio,* 673 S.W.2d 100, 101 (Mo.App.1984).

The wife's third point on appeal is that the court erred in refusing to grant maintenance because she provided the primary support for the family for the four years while the husband attended college. Section 452.335, RSMo 1978, the statute regarding maintenance in dissolution actions, mandates the proper analysis to be conducted by the trial court in determining if a maintenance award is warranted. The statute states that the court may grant a maintenance order, but only if it finds that the spouse seeking maintenance 1) lacks sufficient property to provide for his reasonable needs, and 2) is unable to support himself through appropriate employment. *See Mastin v. Mastin,* 709 S.W.2d 545, 548 (Mo.App.1986). The wife failed to show that she meets this threshold determination. She has a furnished residence, an automobile and suitable employment that provides a substantial salary. There is no merit to her contention of error in refusing to award her maintenance.

The wife's final point on appeal is that the trial court erred in the division of marital property. She contends that she should be entitled to a larger share of the property because of her contribution during the four years her husband was a student. The trial court found that the contributions of the parties during the marriage were not disparate. Contrary to the wife's contention, she received marital property valued in excess of $10,300. The husband received $6,800 in marital property and $1,300 in separate property. Additionally, the wife was required to reimburse the husband $2,000, one half of the money she removed from a joint account to pay her attorney's fees. Thus the marital property was effectively divided so that the wife received $8,300 and the husband received $8,800. Because the trial court found that their financial contributions were not disparate and that the husband's educational expenses were all covered by scholarships, we see no inequity in a division that is nearly equal. The wife's attempt to revalue the property and to add the face value of term life insurance policies which have no cash value to the values determined by the trial court is improper. The order of the trial court is affirmed in all respects.

CRANDALL, P.J., and KELLY, J., concur.