Christopher F. MORTON,
Plaintiff-Respondent

v.

Janet M. MORTON,
Defendant-Appellant.

No. 52402.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1987.

John A. Turcotte, St. Louis, for defendant-appellant.

David A. McMahon, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Wife appeals from the award of custody of the children of the marriage to husband in a dissolution action. She raises two issues on appeal, neither of which have merit. We affirm.

She first contends that the court erred in awarding custody to the husband on the basis of the evidence presented. Wife admitted, and the evidence supports that admission, that father is a good parent and an acceptable custodian of the two female children both less than five years old. There was evidence, which the trier of fact could believe, that the mother during the marriage drank excessively, utilized illicit drugs, spent many of her evening hours bar-hopping, had sexual relationships with one or more men not her husband, and because of these activities placed much of the responsibility for raising the girls upon the father. There was evidence, some of it admitted, that the father was less than a paragon in his relationship with his wife. However, the trial court could have found and presumably did find, that his treatment and parenting of his children was at all times acceptable. Under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) [1–3], there is no basis for us to upset the trial court's finding that the best interests of the children warranted placing custody in the father.

Wife also contends that the trial court erred in failing to appoint a guardian ad litem for the younger daughter and to require joinder of a lover of the wife as a possible putative father. This contention is based upon the assertion that a question was raised about the paternity of the younger child and in that posture *S. v. S.*, 595 S.W.2d 357 (Mo.App.1980) requires such action by the trial court. That case stated that such action is required where "by pleading or evidence, the paternity of a child becomes an issue ..." Both parties here pled that both children were born of the marriage. Wife alleged in her cross-bill that "the parties have two living children ..." and sought to require husband "to pay the amount necessary for the children's support." She further alleged that she knew of no person, "not a party to these proceedings, who has physical custody of the children or who claims custody or visitation rights with the children."

At trial it developed that the wife had, during the marriage, told husband that the youngest child was not his. At trial she testified that there were "two living children born of this marriage." Husband testified that he did not believe what wife told him, that he regarded the younger daughter as his, and that her birth certificate identified husband as the father. At that point wife's counsel stated: "Your Honor, I'd like to offer a stipulation that we're not refuting that [the younger daughter], in fact, is Mr. Morton's child." On cross-examination of wife she was asked if she ever told the husband that he was not the father of the child, to which she responded affirmatively. She was then asked if what she told him was true or false. Her attorney objected on the ground that "I believe the strongest presumption in the law is that children are legitimate children when they're born during a marriage by the parties ... and there's been no pleadings in any of the pleadings filed herein that this child is not the natural child of Christopher." The objection was sustained with the court noting "the petitioner on the stand admitted that [the daughter] was his child, and I don't think it's disputed that she is." Both parties during their testimony stated that the younger daughter was the husband's.

There is neither pleading nor evidence to challenge the child's paternity and

the basis for invoking the procedures set forth in *S. v. S., supra,* did not exist. We note the extended discussion in that case setting forth reasons for the court's refusal to invoke the above described procedures in that particular case. There is a remarkable parallel with the facts before us. The position advocated by the wife on appeal here is directly contrary to the position she took at trial. Having lost below she now seeks to challenge the legitimacy of her own daughter and to seek a remand for the purpose of having the child declared a bastard. This she does in the face of the strongest presumption known to the law. *L.M.K. v. D.E.K.,* 685 S.W.2d 614 (Mo.App. 1985) [4–7]. She has in attempting to change theories violated the settled rule that a party cannot take a position on appeal different from that which she took during the course of the trial. *S. v. S., supra,* [5, 6]. Her attempt to bastardize her daughter lends little support to her claim as the better custodial parent. *Id.*

Judgment affirmed.

KAROHL, P.J., KELLY, J., concur.