Kenneth E. **RUSSELL**, Appellant,

v.

Sylvia R. **RUSSELL**, Respondent.

No. WD 41621.

Missouri Court of Appeals,
Western District.

Nov. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1990.

Karen A. Plax, Kansas City, for appellant.

Sylvia R. Russell, Kansas City, pro se.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

KENNEDY, Judge.

This is an appeal by a father from the dissolution decree award of joint legal custody to father and mother of the parties' two daughters, Melissa Renee, born February 6, 1981, and Kimberly Sue, born August 11, 1983, with primary physical custody to the mother.

The parties had been married August 6, 1977. They separated March 11, 1988, the dissolution suit was filed March 15, 1988, and the decree granted December 30, 1988.

The evidence is quite clear that the father by every standard is qualified to have custody of the little girls. He is 32 years old, steadily employed as a computer systems programmer, and lives a quiet and sober life. Throughout the lives of the little girls he has given them a great deal of personal care and attention. His employment and his living quarters make it feasible for him to have custody of the little girls. He maintains a close relationship with his parents, two brothers and a sister and their families who live in the area. There is little evidence negative to the father's ability to provide a wholesome and healthful home environment for his young daughters, and evidence of his occasional lapses is insignificant when compared with the mother's pattern of conduct.

The mother has demonstrated a conspicuous lack of judgment. Beginning while she and her husband were living together, and continuing after their separation and up to the time of the dissolution, she was flagrantly sexually promiscuous. She had sexual relations with men she met casually in bars. At one point (after the separation), she joined a truck driver on a 13–day trip with his truck. She was an alcohol abuser, frequently becoming intoxicated. On one occasion after the separation, when she had the girls with her, she left them in an evening day care service until the small hours of the morning. Her efforts at discipline of the girls have been erratic and poorly gauged. She has on occasion failed to take notice of and to care for the girls' health needs. Her boyfriend at the time of hearing was a person of violent disposition, who caused the little girls to be afraid. There is no need to detail the mother's rather bizarre behavior. The recent course of her life may be described in a word as irresponsible.

It is clear to us that the trial court misapplied the law in awarding joint legal custody of the children to the parties and in awarding primary physical custody to the mother rather than the father. The trial judge expressed grave misgivings about the mother's conduct but expressly based his custody award upon the need for girls to be under the care and guidance of a mother, warning the mother that if she didn't "clean up her act considerably", he would remove the girls from her custody. An award based upon the mother's sex may not stand. Section 452.375.6, RSMo Supp.1988, provides that: "As between the parents of a child, no preference may be given to either parent in the awarding of custody because of that parent's ... sex ... nor because of the age or sex of the child. *Jaudes v. Jaudes*, 715 S.W.2d 329, 331 (Mo.App.1986); *Stoutimore v. Stoutimore*, 684 S.W.2d 344, 347 (Mo.App.1984); *In re Marriage of Plank*, 670 S.W.2d 185, 190 (Mo.App.1984). The best interests of the child may alone be considered in determining custody. *S.E.G. v. R.A.G.*, 735 S.W.2d 164, 165 (Mo.App.1987); *McCammon v. McCammon*, 680 S.W.2d 196, 202 (Mo.App.1984); *Leach v. Leach*, 660 S.W.2d 761, 763 (Mo.App.1983); *In re Marriage of Maupin*, 600 S.W.2d 686, 689 (Mo.App. 1980). The court in determining which parent's custody shall best serve the child's interest is to consider all relevant factors,

including the factors listed in section 452.-375, RSMo Supp.1988. *In re Marriage of Turner*, 764 S.W.2d 160, 162 (Mo.App. 1989); *V.M. v. L.M.*, 526 S.W.2d 947, 949 (Mo.App.1975). The sex and age of the parent and the sex and age of the children are expressly declared not to be relevant factors in making the determination. *Jaudes v. Jaudes*, 715 S.W.2d 329, 331 (Mo. App.1986); *Stoutimore v. Stoutimore*, 684 S.W.2d 344, 347 (Mo.App.1984); *In re Marriage of Plank*, 670 S.W.2d 185, 190 (Mo. App.1984). The consideration of the best interests of the children here lead unmistakably to the father's custody rather than the mother's. *Morton v. Morton*, 738 S.W.2d 949, 950 (Mo.App.1987); *In re Marriage of Haubein*, 726 S.W.2d 433, 435–36 (Mo.App.1987).

The judgment is reversed and the cause is remanded to the trial court, with directions to enter a new decree awarding sole custody of the children to the father, and to fix suitable provisions for visitation with the mother.

All concur.